MARINA C. TSATALIS
GARY M. GANSLE
KORAY J. BULUT
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
Email:  MTsatalis@wsgr.com

ADRIAN T. DELMONT (AD-7010)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12 East 49th Street
New York, NY 10017
Tel. (212) 999-5800
Email:  ADelmont@wsgr.com

Attorneys for Defendants
GOOGLE, INC. and TIMOTHY ARMSTRONG

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Christina Elwell,<br><br>                    Plaintiff,<br><br>          v.<br><br>GOOGLE, INC. and<br>TIMOTHY ARMSTRONG,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ECF CASE<br>Case No: 05-CV-06487 (DLC)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND FOR DISMISSAL OF ACTION OR, IN THE ALTERNATIVE, FOR A STAY OF PROCEEDINGS PENDING ARBITRATION |

## I.     INTRODUCTION AND STATEMENT OF FACTS

Defendants submit this Motion pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) and 9 U.S.C. §§ 3-4, on the grounds that this Court is an improper forum for Plaintiff's claims against Defendants.  Plaintiff agreed by contract to binding arbitration of all disputes with her employer, Google Inc. ("Google" or the "Company"), that relate to or arise out of her at-will employment agreement.  Because all of the claims that Plaintiff has asserted in this case are covered by her agreement to arbitrate, this action should be dismissed or stayed and Plaintiff's claim should be adjudicated by an arbitrator in accordance with the parties' agreement.

Plaintiff signed an Employment, Confidential Information, Invention Assignment and Arbitration Agreement with Google (the "Employment Agreement") on September 26, 2000, her first day of work (attached as Exhibit A to the Declaration of Marina C. Tsatalis (hereinafter "Tsatalis Decl.")). The Employment Agreement provides, among other things, that Plaintiff's employment was for an unspecified duration and constituted "at-will" employment.  The Employment Agreement also contains an integration provision which provides that the Employment Agreement "sets forth the entire agreement and understanding between the Company and me relating to the subject matter herein and merges all prior discussions between us."  Tsatalis Decl., Exhibit A, § 11(b).  The Employment Agreement further contains a broad arbitration provision:

> 10(a)   <u>Arbitration</u>.  Except as provided in Section 10(b) below, I agree that any dispute or controversy arising out of or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by arbitration to be held in Santa Clara County, California, in accordance with the rules then in effect of the American Arbitration Association.  The arbitrator may grant injunctions or other relief in such dispute or controversy.  The decision of the arbitrator shall be final, conclusive and binding on the parties to the arbitration.  Judgment may be entered on the arbitrator's decision in any court having jurisdiction. The Company and I shall each pay one-half of the costs and expenses of such arbitration, and each of us shall separately pay our counsel fees and expenses.  Tsatalis Decl., Exhibit A, § 10(a).

Notwithstanding her express agreement to arbitrate any disputes arising from, or relating to, her Employment Agreement, on July 18, 2005, Plaintiff filed a Complaint against Google and Timothy Armstrong, Google's Vice President, Advertising Sales, alleging claims arising out of and relating to her employment with Google.  Specifically, Plaintiff alleges that she was demoted and constructively terminated because of her pregnancy and sex in violation of state and federal laws against

discrimination.  Based on the same allegations, Plaintiff alleges intentional infliction of emotional

distress.  In addition, Plaintiff alleges that Mr. Armstrong intentionally interfered with her employment

relationship with Google by demoting her and allegedly terminating her employment.  Each of these

claims relates to Plaintiff's Employment Agreement, since her at-will status will be part of the defense

to each claim.

Because Plaintiff's claims are covered by her agreement to arbitrate, Google requested that

Plaintiff stay her claim and invoke the procedures set forth in the arbitration provision of the

Employment Agreement.  Tsatalis Decl. ¶ 3, Exh. B.  On August 22, 2005, Defendants' counsel wrote

to Plaintiff's counsel stating:

> Given Ms. Elwell's clear and binding agreement to arbitrate the claims that she alleges
> in this lawsuit, we expect that you will stipulate to submit this case to binding
> arbitration and stay the judicial proceedings.  Otherwise, we will be forced to file a
> motion to compel arbitration.  Please be advised that Google agrees to waive the cost-
> sharing provision of the arbitration clause and bear all of the administrative and hearing
> fees charged by the arbitrator.
>
> Please also be advised that should Ms. Elwell insist on prosecuting her claims in court
> under these circumstances, she will deprive Google of the benefits of the arbitration
> bargain and breach the Agreement.  We will consider such action to be a direct
> repudiation of the Agreement and may move for summary judgment based on Ms.
> Elwell's failure to exhaust her contractual obligation to arbitrate her claims.  Id.

By letter dated August 25, 2005, Plaintiff refused to arbitrate any of her claims, on the grounds

that her claims are not covered by the arbitration provision.  Because Plaintiff has failed and refused to

exhaust her exclusive arbitral remedy, Defendants now move to compel arbitration of Plaintiff's claims

in New York and for dismissal of this action, or in the alternative, the issuance of a stay of these

proceedings pending arbitration.

## II.    ARGUMENT

### A.    Plaintiff's Claims Are Subject To Mandatory Arbitration.

Arbitration clauses in employment contracts are governed by the Federal Arbitration Act

("FAA"), 9 U.S.C. §1 et seq.  See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001).  The

FAA represents "a strong federal policy favoring arbitration as an alternative means of dispute

resolution."  JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 171 (2d Cir. 2004).  Thus, "questions

of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration."

Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985) (citation omitted). See also Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 221 (1985) (courts must "rigorously enforce agreements to arbitrate").

"A court deciding a motion to compel arbitration must resolve four issues:  (1) whether the parties agreed to arbitrate; (2) the scope of the agreement to arbitrate; (3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and (4) if some, but not all, of the claims are arbitrable, whether to stay the balance of the proceedings pending arbitration."  Vaughn v. Leeds, Morelli & Brown, P.C., No. 04 Civ. 8391 (DLC), 2005 WL 1949468, at *2 (S.D.N.Y. Aug. 12, 2005) citing JLM Indus., Inc., 387 F.3d at 169.  All four of these issues should be decided in favor of arbitration.

### 1.    The Parties Agreed to Arbitrate As Evidenced By Their Valid Arbitration Agreement.

Section 2 of the FAA provides that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The determination as to whether a party is bound by the arbitration clause is customarily determined by looking at generally accepted principles of contract law of the relevant state's jurisprudence.  Sprecht v. Netscape Communications Corp, 306 F.3d 17, 27 (2d Cir. 2002); see also Gold, 365 F.3d at 149.  The Employment Agreement contains a choice-of-law provision stating "[t]he Agreement will be governed by the laws of the State of California."  Tsatalis Decl., Exhibit A, § 11(a).

Under basic principles of contract law in California, an enforceable arbitration agreement exists between Plaintiff and Google.  To form a contract under California law, there must be an offer and acceptance and adequate consideration.  Cal. Civ. Code §1550; see also Brown v. California State Lottery Comm'n, 232 Cal. App. 3d 1335, 1339 (1991) ("The successful formation of a contract requires an offer and acceptance").  Consideration consisting of the employer's promise to employ the employee has been deemed adequate.  Janda v. Madera Cmty. Hosp., 16 F. Supp. 2d 1181, 1186 (E.D. Cal. 1998).

The Employment Agreement meets all of these requirements and is thus a valid and enforceable contract.  Google provided the Employment Agreement to Plaintiff as part of its offer of

employment. By signing the Employment Agreement and accepting Google's offer of employment, Plaintiff expressly agreed to arbitrate her claims. Tsatalis Decl., Exhibit A ( "... in consideration of my employment with the Company and my receipt of the compensation now and hereafter paid to me by the Company, I agree to the following: . . .").

**2.    Plaintiff's Claims Are Encompassed By The Parties' Broad Arbitration Agreement.**

The presumption in favor of arbitration applies not only to the enforceability of arbitration agreements, but also to the scope of such agreements. The United States Supreme Court has directed that, "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 945 (1995) (quoting Mitsubishi Motors, 473 U.S. at 626). Accordingly, "an order to arbitrate [a] particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986); see also, First Options, 514 U.S. at 945 (issues will be deemed arbitrable unless the arbitration clause clearly does not include them)

To determine whether a particular dispute falls within the scope of an agreement's arbitration clause, a court must classify the clause as either broad or narrow. See Mehler v. Terminex Int'l Co., 205 F.3d 44, 49 (2d Cir. 2000); Peerless Imps., Inc. v. Wine, Liquor & Distillery Workers Union Local One, 903 F.2d 924, 927 (2d Cir. 1990). Where the arbitration clause is found to be broad, a presumption of arbitrability arises and the clause extends to collateral matters. JLM Indus., Inc., 387 F.3d at 172 (claims that touch matters covered by the Agreement must be arbitrated). Having classified an arbitration clause as "broad", the court can presume that a dispute should be arbitrated unless "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covered the asserted dispute." Collins & Aikman Prods. Co. v. Building Sys., Inc., 58 F.3d 16, 19 (2d Cir. 1995).

The United States Supreme Court has long held that arbitration agreements providing for coverage of claims "arising out of and relating to" contracts are broad, and even far broader in scope than language which limits arbitration to matters "arising under" a contract. Mitsubishi Motors, 473 U.S. at 617 (ordering arbitration of antitrust claims under clause requiring arbitration of all disputes

arising "in relation to" agreement); <u>Prima Paint Corp. v. Flood & Conklin Mfg. Co.</u>, 388 U.S. 395, 406 (1967) (interpreting the arbitration clause encompassing disputes "relating to" agreement as "broad.").

In this case, the Employment Agreement provides that it applies to: "...any dispute or controversy ***arising out of or relating to any interpretation, construction, performance or breach of this Agreement***." Tsatalis Decl., Exhibit A, § 10(a) (emphasis added). This arbitration clause is at least as expansive as the language contained in a number of arbitration clauses that the Second Circuit has characterized as "broad." <u>See</u>, <u>e.g.</u>, <u>Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.</u>, 369 F.3d 645, 649 (2d Cir. 2004) ("any controversy, claim or dispute between the Parties arising out of or relating in any way to this Agreement" defined as broad); <u>Vera v. Saks & Co.</u>, 335 F.3d 109, 117 (2d Cir. 2003) ("[a]ny dispute, claims, grievance or difference arising out of or relating to the Agreement" defined as broad); <u>Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.</u>, 252 F.3d 218, 225 (2d Cir. 2001) ("[a]ny dispute arising from the making, performance or termination of this Charter Party" defined as broad); <u>Oldroyd v. Elmira Sav. Bank, FSB</u>, 134 F.3d 72, 76 (2d Cir. 1998) ("[a]ny dispute, controversy or claim arising under or in connection with" agreement defined as broad).

Based on the authority cited above, the Employment Agreement in this case must be classified as "broad", thereby triggering a presumption of arbitrability. This presumption cannot be overcome in this case, particularly given the other terms of the Employment Agreement, including the clear at-will provision and integration clause. Counts I, III, V, VI, VIII and IX of Plaintiff's Complaint are based on Google's decision to restructure its Sales Division and transfer Plaintiff to a new senior level position. Plaintiff alleges that this transfer was a demotion and was in reaction to her pregnancy. Among other defenses, Google certainly will take the position that as an at-will employer, it had the discretion to reorganize its corporate structure and assign employees into new positions. <u>See</u> <u>DiGiacinto v. Ameriko-Omser Corp.</u>, 59 Cal. App. 4th 629, 634-35 (Cal. App. 1997) ("[T]he at-will presumption would surely apply to lesser quantums of discipline [than termination] as well.") (citing <u>Scott v. Pacific Gas & Elec. Co.</u>, 11 Cal. 4th 454, 464-65 (Cal. 1995)).

Thus, Plaintiff's transfer, and the Counts of the Complaint that are based on it, are directly related to Google's rights as an at-will employer as established in the Employment Agreement. As

such, these claims also relate to the Employment Agreement.  Plaintiff's claims certainly "touch" matters covered by Employment Agreement.  <u>Paramedics Electromedicina Comercial, Ltda.</u>, 369 F.3d at 654.  Should this Court have any doubts whether these claims are arising from or related to the Employment Agreement, the United States Supreme Court directs that all such doubts be resolved in favor of arbitration.  <u>See</u> <u>First Options</u>, 514 U.S. at 945.

Counts II, IV, VII of Plaintiff's Complaint allege that Google constructively discharged Plaintiff because of her extremely negative and inappropriate reaction and resistance to her transfer.  Specifically, Plaintiff alleges that Mr. Armstrong told her that she would be on a performance improvement plan, assigned her to a project "similar to those given to summer interns," and assigned her to sit in a remote cubicle.  Compl. ¶¶ 26, 28.  Even if true, given Plaintiff's status as an at-will employee as established by her Employment Agreement, Google had the full authority to take each of these steps.  The only other Count in Plaintiff's Complaint is Count X, which alleges that Mr. Armstrong intentionally interfered with Plaintiff's employment relationship with Google.  Like Plaintiff's other claims, Mr. Armstrong's defense to this claim will surely include the fact that Plaintiff was an at-will employee, as established by her Employment Agreement.  As such, this claim also is covered by Plaintiff's agreement to arbitrate.

### 3.    Plaintiff's Federal Statutory Claims Are Subject To Arbitration.

The Court must also analyze whether Congress intended Plaintiff's federal statutory claims to be nonarbitrable.  <u>JLM Indus., Inc.</u>, 387 F.3d at 169.  Plaintiff has brought employment discrimination and retaliation claims under Title VII (42 U.S.C. §2000 <i>et. seq.</i>).  The Second Circuit has clearly stated that Title VII claims can be arbitrated.  <u>Gold v. Deutsche Aktiengesellschaft</u>, 365 F.3d 144, 149 (2d Cir. 2004) (citing <u>Desiderio v. National Ass'n of Securities Dealers, Inc.</u>, 191 F.3d 198, 205 (2d Cir. 1999)).  Plaintiff has not asserted any federal statutory claims that have been declared to be nonarbitrable.

### 4.    All of Plaintiff's Claims Are Arbitrable.

The last issue that the Court must analyze is whether some of the claims are not arbitrable, and if so, whether such claims should be stayed  pending arbitration.  <u>JLM Indus., Inc.</u>, 387 F.3d at 169.  As set forth above in Section II(A)(2), all of Plaintiff's claims arise from and "touch" matters covered

by the Employment Agreement, and therefore all of the claims all arbitrable. Therefore, this issue does not materialize for consideration by the Court.

For all these reasons above, Plaintiff's claims must be submitted to arbitration pursuant to the parties' Employment Agreement.

**B.      Individual Defendant Timothy Armstrong Is Entitled To The Benefit Of Plaintiff's Agreement To Arbitrate His Claims.**

Although Mr. Armstrong is not a party to the Employment Agreement, he is entitled to the benefit of Plaintiff's agreement to arbitrate her claims contained therein.  Courts in the Second Circuit have held consistently that employees of a party to an arbitration agreement are entitled to the benefits of their employer's agreement to arbitrate. Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1360 (2d Cir. 1993) (citing Scher v. Bear Stearns & Co., 723 F.Supp. 211, 216-217 (S.D.N.Y. 1989); Brener v. Becker Paribas, Inc., 628 F. Supp. 442, 451 (S.D.N.Y. 1985)).

Armstrong is presently employed by Google as its Vice President of Advertising Sales and held this position at all times relevant to this action.  Compl. ¶ 3.  As an employee and senior level manager of Google, Armstrong is a third party beneficiary of the Employment Agreement.  Therefore, Plaintiff's claims against Armstrong, arising from actions taken within the scope of his duties at Google, must also be referred to arbitration.

**C.      Because Plaintiff Has Agreed To An Exclusive Arbitral Forum, This Court Has No Jurisdiction Over Plaintiff's Claims And The Action Must Be Dismissed.**

"Where *all* of a plaintiff's claims are arbitrable, the court may dismiss the entire action instead of staying it, pursuant to Federal Rule of Civil Procedure 12(b)(6)." Cortese v. Edge Solutions, Inc., No. 04-CV-956 (DRH/ARL), 2005 WL 1804472 (E.D.N.Y. July 28, 2005) (citing Lewis Tree Serv., Inc. v. Lucent Techs., Inc., 239 F. Supp. 2d 332, 340 (S.D.N.Y. 2002)).  As outlined above, all of Plaintiff's claims fall squarely within the arbitration provision of the Employment Agreement. Accordingly, this Court does not have jurisdiction over Plaintiff's claims because she is contractually bound to arbitrate them before the American Arbitration Association.  , There is no need to stay any of the proceedings in this action pending the arbitrator's decision, which itself can be enforced by "any court having jurisdiction." Tsatalis Decl., Exhibit A, § 10(a).  Plaintiff's pursuit of her action in this forum, despite her clear agreement to arbitrate, has wasted the Court's and Defendants' time and

resources and is procedurally improper.  To prevent any further unnecessary expenditure of resources,

Defendants request that this Court dismiss this action entirely in connection with an order compelling

binding arbitration.

      **D.      In The Alternative, The Present Proceedings Should Be Stayed Pending Completion Of The Arbitration.**

The FAA specifically provides that the Court "shall" stay litigation at a party's request upon

referring the case to arbitration:

> § 3.  Stay of proceedings where issue therein referable to arbitration.
>
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties <u>stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement</u>, providing the applicant for the stay is not in default in proceeding with such arbitration.  9 U.S.C. § 3.

As an alternative to dismissal, Defendants respectfully request that this Court stay the

proceedings until the arbitration is concluded.

      **E.    CONCLUSION**

For the reasons set forth above, Defendants respectfully request that this Court grant its motion

to compel arbitration and dismiss this action in its entirety.  In the alternative, Defendants request that

this Court order Plaintiff to arbitrate her claims and stay the present proceedings until the arbitration

can be completed.

Dated:  August 29, 2005              WILSON SONSINI GOODRICH & ROSATI
                                     Professional Corporation


                                     By:         /s/
                                             Adrian T. Delmont (AD-7010)
                                           Wilson Sonsini Goodrich & Rosati
                                           Professional Corporation
                                           12 East 49th Street
                                           New York, NY 10017

                                           *Attorneys for Defendants*
                                         *Google Inc. and Timothy Armstrong*