MARINA C. TSATALIS
GARY M. GANSLE
KORAY J. BULUT
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: MTsatalis@wsgr.com

ADRIAN T. DELMONT (AD-7010)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12 East 49th Street
New York, NY 10017
Tel. (212) 999-5800
Email: ADelmont@wsgr.com

Attorneys for Defendants
GOOGLE INC. and TIMOTHY ARMSTRONG

UNITED STATES DISTRICT COURT

SOURTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHRISTINA ELWELL, | ) | ECF CASE |
| | ) | CASE NO.: 05-CV-06487 (DLC) |
| Plaintiff, | ) | |
| | ) | DECLARATION OF MARINA |
| v. | ) | C. TSATALIS IN SUPPORT OF |
| | ) | DEFENDANTS' MOTION TO |
| GOOGLE, INC., et al., | ) | COMPEL ARBITRATION AND FOR |
| | ) | DISMISSAL OF ACTION OR, IN THE |
| Defendants. | ) | ALTERNATIVE, FOR A STAY OF |
| | ) | PROCEEDINGS PENDING |
| | ) | ARBITRATION |
| | ) | |
| | ) | |

I, Marina C. Tsatalis, declare:

1. I am a partner at the law firm of Wilson Sonsini Goodrich & Rosati, counsel of record for Defendants Google Inc. and Timothy Armstrong (jointly "Defendants") in this case. I am duly licensed to practice law in California, New Jersey and Pennsylvania. My

motion to be admitted to the New York Bar is pending and, in the interim, I am awaiting the necessary certificates to file a motion to appear *pro hac vice*. The matters set forth herein are based upon my personal knowledge and, if called as a witness, I could and would competently testify thereto. This Declaration is submitted in support of Defendants' Motion to Compel Arbitration and for Dismissal of Action or, in the Alternative, for a Stay of Proceedings Pending Arbitration.

2. Attached hereto as Exhibit A is a true and correct copy of the Employment, Confidential Information, Invention Assignment and Arbitration Agreement reflecting Plaintiff's signature that I received from Google.

3. On August 22, 2005, I sent a letter to Plaintiff's counsel requesting that she agree to arbitrate Plaintiff's claims against Defendants. A true and correct copy of my letter is attached hereto as Exhibit B.

4. On August 25, 2005, I received a letter from Plaintiff's counsel refusing to arbitrate any of Plaintiff's claims. A true and correct copy of the letter that I received is attached hereto as Exhibit C.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on August 29, 2005 in Palo Alto, California.

_____
Marina C. Tsatalis

# EXHIBIT A

EXHIBIT B

GOOGLE INC.

EMPLOYMENT, CONFIDENTIAL INFORMATION AND INVENTION ASSIGNMENT AGREEMENT

As a condition of my employment with Google Inc., its subsidiaries, affiliates, successors or assigns (together "the Company"), and in consideration of my employment with the Company and my receipt of the compensation now and hereafter paid to me by Company, I agree to the following:

1. **At Will Employment.** I understand and acknowledge that my employment with the Company is for an unspecified duration and constitutes "at-will" employment. I acknowledge that this employment relationship may be terminated at any time, with or without good cause or for any or no cause at the option either of the Company or myself, with or without notice.

2. **Confidential Information**

(a) **Company Information.** I agree at all times during the term of my employment and thereafter, to hold in strictest confidence, and not to use, except for the benefit of the Company, or to disclose to any person, firm or corporation without written authorization of the Board of Directors of the Company, any Confidential Information of the Company. I understand that "Confidential Information" means any Company proprietary information, technical data, trade secrets or know-how, including, but not limited to, research, product plans, products, services, customer lists and customers (including, but not limited to, customers of the Company on whom I called or with whom I became acquainted during the term of my employment), markets, software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, finances or other business information disclosed to me by the Company either directly or indirectly in writing, orally or by drawings, or observation of parts or equipment. I further understand that Confidential Information does not include any of the foregoing items which has become publicly known and made generally available through no wrongful act of mine or of others who were under confidentiality obligations as to the item or items involved.

(b) **Former Employer Information.** I agree that I will not, during my employment with the Company, improperly use or disclose any proprietary information or trade secrets of any former or concurrent employer or other person or entity and that I will not bring onto the premises of the Company any proprietary information belonging to any such employer, person or entity unless consented to in writing by such employer, person or entity.

(c) **Third Party Information.** I recognize that the Company has received and in the future will receive from third parties their confidential or proprietary information subject to a duty on the Company's part to maintain the confidentiality of such information and to use it only for certain limited purposes. I agree to hold all such confidential or proprietary information in the strictest confidence and not to disclose it to any person, firm or corporation or to use it except as necessary in carrying out my work for the Company consistent with the Company's agreement with such third party.

3. **Inventions**

(a) **Inventions Retained and Licensed.** I have attached hereto, as Exhibit A, a list describing all inventions, original works of authorship, developments, improvements, and trade secrets which were made by me prior to my employment with the Company (collectively referred to as "Prior Inventions"), which belong to me, which relate to the Company's proposed business, products or research and development, and which are not assigned to the

Company hereunder; or, if no such list is attached, I represent that there are not such Prior Inventions. If in the course of my employment with the Company, I incorporate into a Company product, process or machine a Prior Invention owned by me or in which I have an interest, the Company is hereby granted and shall have a nonexclusive, royalty-free, irrevocable, perpetual, worldwide license to make, have made, modify, use and sell such Prior Invention as part of or in connection with such product, process or machine.

(b)     Assignment of Inventions. I agree that I will promptly make full written disclosure to the Company, withholding trust for the sole right and benefit of the company, and hereby assign to the Company, or its designee, all my right, title, and interest in and to any and all inventions, original works of authorship, developments, concepts, improvements or trade secrets, whether or not patentable or registrable under copyright or similar laws, which I may solely or jointly conceive or develop or reduced to practice, or cause to be conceived or developed or reduced to practice, during the period of time I am in the employ of the Company (collectively referred to as "Inventions"), except as provided in Section 3(f) below. I further acknowledge that all original works of authorship which are made by me (solely or jointly with others) within the scope of and during the period of my employment with the Company and which are protectible by copyright are "works made for hire", as that term is defined in the United States Copyright Act.

(c)     Inventions Assigned to the United States. I agree to assign to the United States government all my right, title and interest in and to any and all Inventions whenever such full title is required to be in the United States by a contract between the Company and the United States or any of its agencies.

(d)     Maintenance of Records. I agree to keep and maintain adequate and current written records of all Inventions made by me (solely or jointly with others) during the term of my employment with the Company. The records will be in the form of notes, sketches, drawings, and any other format that may be specified by the Company. The records will be available to and remain the sole property of the Company at all times.

(e)     Patent and Copyright Registrations. I agree to assist the Company, or its designee, at the Company's expense, in every proper way to secure the Company's rights in the Inventions and any copyrights, patents, mask work rights or other intellectual property rights relating thereto in any and all countries, including the disclosure to the Company of all pertinent information and data with respect thereto, the execution of all applications, specifications, oaths, assignments and all other instruments which the Company shall deem necessary in order to apply for and obtain such rights and in order to assign and convey to the Company, its successors, assigns, and nominees the sole and exclusive rights, title and interest in and to such Inventions, and any copyrights, patents, mask work rights or their intellectual property rights relating thereto. I further agree that my obligation to execute or cause to be executed, when it is in my power to do so, any such instrument or papers shall continue after the termination of this Agreement. If the Company is unable because of my mental or physical incapacity or for any other reason to secure my signature to apply for or to pursue any application for any United States or foreign patents or copyright registrations covering Inventions or original works of authorship assigned to the Company as above, then hereby irrevocably designate and appoint the Company and its duly authorized officers and agents as my agent and attorney in fact, to act for and in my behalf and stead to execute and file any such applications and to do all other lawfully permitted acts to further the prosecution and issuance of letters patent or copyright registrations thereon with the same legal force and effect as if executed by me.

(f)     Exception to Assignments. I understand that the provisions of this Agreement requiring assignment of Inventions to the Company do not apply to any invention which qualifies fully under the provisions of California Labor Code Section 2870 (attached hereto as Exhibit B). I will advise the Company promptly in writing of any inventions that I believe meet the criteria in California Labor Code Section 2870 and not otherwise disclosed on Exhibit A.

4.     Conflicting Employment. I agree that, during the term of my employment with the Company, I will not engage in any other employment, occupation, consulting or business activity directly related to the business in which the Company is now involved or becomes involved during the term of my employment, nor will I engage in any other activities that conflict with my obligations to the Company.

5.  **Returning Company Documents**. I agree that, at the time of leaving the employ of the Company, I will deliver to the Company (and will not keep in my possession, recreate or deliver to anyone else) any and all devices, records, data, notes, reports, proposals, lists, correspondence, specifications, drawings, blueprints, sketches, materials, equipment, other documents or property, or reproductions of any aforementioned items developed by me pursuant to my employment with the Company or otherwise belonging to the Company, its successors or assigns. In the event of the termination of my employment, I agree to sign and deliver the "Termination Certificate" attached hereto as Exhibit C.

6.  **Notification of New Employer**. In the event that I leave the employ of the company, I hereby grant consent to notification by the Company to my new employer about my rights and obligations under this Agreement.

7.  **Solicitation of Employees**. I agree that for a period of (12) months immediately following the termination of my relationship with the Company for any reason, whether with or without cause, I shall not either directly or indirectly solicit, induce or encourage any of the Company's employees to leave their employment, or take away such employees, or attempt to solicit, induce, encourage or takeaway employees of the Company, either for myself of for any other person or entity.

8.  **Conflict of Interest Guidelines**. I agree to diligently adhere to the Conflict of Interest Guidelines attached as Exhibit D hereto.

9.  **Representations.** I agree to execute any proper oath or verify any proper document required to carry out the terms of this Agreement. I represent that my performance of all terms of the Agreement will not breach any agreement to keep in confidence proprietary information acquired by me in confidence or in trust prior to my employment by the Company. I have not entered into, and I agree I will not enter into, any oral or written agreement in conflict herewith.

10. **Arbitration and Equitable Relief**

    (a) Arbitration. Except as provided in Section 10(b) below, I agree that any dispute or controversy arising out of or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by arbitration to be held in Santa Clara County, California, in accordance with the rules then in effect of the American Arbitration Association. The arbitrator may grant injunctions or other relief in such dispute or controversy. The decision of the arbitrator shall be final, conclusive and binding on the parties to the arbitration. Judgement may be entered on the arbitrator's decision in any court having jurisdiction. The Company and I shall each pay one-half of the costs and expenses of such arbitration, and each of us shall separately pay our counsel fees and expenses.

    (b) Equitable Remedies. I agree that it would be impossible or inadequate to measure and calculate the Company's damages from any breach of the covenants set forth in Sections 2, 3, and 5 herein. Accordingly, I agree that if I breach any of such Sections, the Company will have available, in addition to any other right or remedy available, the right to obtain an injunction from a court of competent jurisdiction restraining such breach or threatened breach and to specific performance of any such provision of the Agreement. I further agree that no bond or other security shall be required in obtaining such equitable relief and I hereby consent to the issuance of such injunction and to the ordering of specific performance.

11. **General Provisions**

(a)  Governing law; Consent to Personal Jurisdiction. This Agreement will be governed by the laws of the State of California. I hereby expressly consent to the personal jurisdiction of the state and federal courts located in California for any lawsuit filed there against me by the Company arising from or relating to this Agreement.

(b)  Entire Agreement. This Agreement sets forth the entire agreement and understanding between the Company and me relating to the subject matter herein and merges all prior discussions between us. No modification of or amendment to this Agreement, nor any waiver of any rights under this agreement, will be effective unless in writing signed by the party to be charged. Any subsequent change or changes in my duties, salary or compensation will not affect the validity or scope of this Agreement.

(c)    <u>Severability.</u> If one or more of the provisions in this Agreement are deemed void by law, then the remaining provisions will continue in full force and effect.

(d)    <u>Successors and Assigns</u>. This Agreement will be binding upon my heirs, executors, administrators and other legal representatives and will be for the benefit of the Company, its successors, and its assigns.

Date:   9/26/00

_____C. P. Elwell_____
Signature

_____
Name of Employee (typed or printed)

_____
Witness

# EXHIBIT B



Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

650 Page Mill Road
Palo Alto, CA 94304-1050
PHONE 650.493.9300
FAX 650.493.6811
www.wsgr.com

August 22, 2005

*Via Facsimile*

Ilene Sunshine, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

Re: **Christina Elwell v. Google Inc., et al.**

Dear Ms. Sunshine:

We have reviewed Ms. Elwell's Complaint. As you may be aware, Ms. Elwell signed an Employment, Confidential Information, and Invention Assignment Agreement (the "Agreement") with Google on September 26, 2000, which provides that binding arbitration is the final and exclusive means of resolution of any disputes relating to her employment with Google. Given Ms. Elwell's clear and binding agreement to arbitrate the claims that she alleges in this lawsuit, we expect that you will stipulate to submit this case to binding arbitration and stay the judicial proceedings. Otherwise, we will be forced to file a motion to compel arbitration. Please be advised that Google agrees to waive the cost-sharing provision of the arbitration clause and bear all of the administrative and hearing fees charged by the arbitrator.

Please also be advised that should Ms. Elwell insist on prosecuting her claims in court under these circumstances, she will deprive Google of the benefits of the arbitration bargain and breach the Agreement. We will consider such action to be a direct repudiation of the Agreement and may move for summary judgment based on Ms. Elwell's failure to exhaust her contractual obligation to arbitrate her claims.

Please let me know whether you will stipulate to binding arbitration as soon as possible, and no later than August 24, 2005. I look forward to hearing from you.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Marina C. Tsatalis

# EXHIBIT C



Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2800
F 617 338 2880
www.sandw.com

August 25, 2005

**By Fax and Mail**

Marina C. Tsatalis, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050

Re:   <u>Christina Elwell v. Google, Inc. et al.</u>
      <u>United States District Court for the Southern District of New York</u>
      <u>Civil Action No. 05-06487 (DLC)</u>

Dear Ms. Tsatalis:

I am writing in reply to your letter of August 22, 2005.

I am surprised at your pronouncement that Ms. Elwell has signed an agreement with Google that obligates her to engage in binding arbitration over "any disputes relating to her employment with Google" given that the September 26, 2000 agreement you cited contains no such language. That agreement only provides for the arbitration of disputes concerning the interpretation, construction, performance or breach of the agreement itself. The civil action pending in the United States District Court involves no such issues. We therefore consider Google's position, and the various motions you have suggested filing, to be frivolous.

I note that the agreement appears to be an exhibit to some other document that Ms. Elwell does not have in her possession. We plan to obtain this document in discovery; however, if you believe that the document should affect our consideration of this issue, I would be happy to review a copy. In the meantime, however, Ms. Elwell will not agree to submit this matter to arbitration.

Very truly yours,

Ilene Robinson Sunshine

Direct line: 617 338 2928
isunshine@sandw.com

{B0434777; 1}
BOSTON   NEW YORK   WASHINGTON, DC