UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA ELWELL,<br>    Plaintiff,<br><br>v.<br><br>GOOGLE, INC. and<br>TIMOTHY ARMSTRONG,<br>    Defendants. | Civil Action No:<br>05-CV-06487 (DLC) (JCF)<br>ECF |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO STRIKE DEFENDANTS' REPLY BRIEF AND DECLARATION**

Plaintiff Christina Elwell ("Elwell") has moved the Court to strike the reply brief filed by Defendants Google, Inc. ("Google") and Timothy Armstrong in support of their motion to compel arbitration and dismiss this action (the "Reply Brief"), and the Declaration of Koray J. Bulut filed therewith (the "Declaration"). These filings are improper because the Reply Brief was filed after the applicable deadline without leave, or request for leave, of Court, and because the Declaration is not properly before the Court.

1.   <u>Defendants' Reply Brief Is Untimely</u>

Defendants filed their Reply Brief after their deadline had passed, and without requesting leave of Court to make a late filing. Local Rule 6.1(b)(3) requires movants to file any reply briefs "within five business days after service of the answering papers." Elwell filed her opposition to Defendants' motion to compel arbitration (the "Opposition") on September 14, 2005. Defendants therefore were required to file their reply brief on or before September 21. In complete disregard of the Local Rule, Defendants filed their Reply Brief on September 26, twelve days (eight business days) after Elwell filed her Opposition, and five days (three business

{B0447865; 4}

days) after the deadline. Defendants neither requested leave of Court to make a late filing, asked Elwell to assent to a late filing, nor offered any explanation for their disobedience of the rules.

This is not the first time that Defendants have willfully ignored the rules governing this litigation. As Elwell noted in her Opposition, Defendants filed an amended version of their motion to dismiss more than a week after the deadline for responsive pleadings had passed. See Opposition, at 2 n.1. As with their Reply Brief, Defendants made that late filing without seeking leave of Court. Moreover, when asked by Elwell's counsel to withdraw the filing or seek leave of Court to make it, Defendants refused to do either on the stated ground that they had unilaterally determined that Elwell had not been prejudiced by the late filing.

This case has barely begun, and Defendants already have manifested a pattern of thumbing their noses at this Court's rules. Their Reply Brief should be stricken.

2.      The Declaration Must Be Stricken

The Declaration must be stricken because it is incompetent, improperly proffers a document (entitled "Code of Conduct") that may not be submitted for the first time with Defendants' Reply Brief, and seriously misleads the Court as to the relevance of that document to Defendants' motion to dismiss.

Defendants' motion to dismiss is based on an arbitration clause in an intellectual property and confidentiality agreement that Elwell signed when she began her employment with Google in 2000 (the "Agreement"). In their motion, Defendants argued that they may defend against Elwell's statutory discrimination and tort claims by establishing that she was an at-will employee. Elwell argued in her Opposition that at-will status is not a defense to any of her claims. For the first time in their Reply Brief, Defendants argue that they also may defend against Elwell's claims by showing that she violated Google's Code of Conduct, which

2

Defendants claim was subsumed within the arbitration clause in Elwell's Agreement. As it turns out, however, Elwell did not -- and <u>could</u> not -- have agreed to arbitrate disputes relating to Google's Code of Conduct, because that document <u>did</u> <u>not</u> <u>exist</u> in 2000 when she signed the Agreement. To conceal that point, Defendants have actively misled the Court as to the nature of their evidentiary proffer.

Elwell's Agreement provided that "I agree to diligently adhere to the <u>Conflict of Interest Guidelines</u> attached as Exhibit D hereto." <u>Agreement</u>, ¶ 8 (emphasis added). Rather than attach these Guidelines to the Declaration, Defendants instead have attached Google's 2004 Code of Conduct, suggesting, quite disingenuously, that the two documents are identical. In fact, Google's 2004 Code of Conduct is a <u>completely</u> <u>different</u> <u>document</u>, which Google's outside counsel admits in his Declaration he merely printed off of Google's Investor Relations website. <u>See</u> <u>Declaration</u> at ¶ 2.[1]

Quite apart from this sleight of hand, Defendants' proffer of this new argument and document directly contravenes the well-established rule that a movant may not introduce in a reply brief wholly new arguments, supported by newly-offered documents. <u>See, e.g.</u>, <u>Cumis Ins. Soc'y, Inc. v. Citibank, N.A.</u>, 921 F. Supp. 1100, 1110 n.7 (S.D.N.Y. 1996) ("Because this argument was raised for the first time in Citibank's reply brief, however, it is not a proper basis for granting the motion to dismiss."). Similarly, it is improper for a party to offer, in a reply brief or otherwise, new documentary evidence in support of a Rule 12 motion to dismiss, which

---

[1] The Code of Conduct attached to the Declaration states that it was last updated on August 18, 2004 (<u>see</u> Declaration, Attachment A, p. 11), establishing on its face that it <u>cannot</u> be the same document as the Exhibit D that was attached to the Agreement that Elwell signed when she started working for Google in 2000. Elwell can offer testimony that Google's Code of Conduct was issued for the first time in August 2004, well after most of the operative events in this case transpired. Elwell expects to discover that Google issued the Code of Conduct to comply with the Sarbanes-Oxley Act after the company went public in August 2004.

must be decided on the pleadings. See, e.g., id. at 1104 ("Of course, submission of evidence is not proper on a motion to dismiss because it is only the sufficiency of the pleadings that are at issue."). Defendants' attempt to introduce Google's Code of Conduct for the first time with their Reply Brief violates these clear rules.

In addition to these defects, the Declaration fails even to comply with basic principles governing the admissibility of evidence. To render the Code of Conduct admissible, the Declaration would have to identify it as a genuine copy of the document attached to the Agreement that Elwell signed. The Declaration also would have to be made by an individual with first-hand knowledge sufficient to make that representation. The Declaration fails to satisfy either of these requirements. Rather than coming from an employee of Google with first-hand knowledge of what was attached to Elwell's Agreement, the Declaration is made by an associate lawyer at Google's outside law firm, who does not purport to have such knowledge. Further, the Declaration merely states that the declarant copied the Code of Conduct from Google's website. There is no indication that anyone at the company even bothered to confirm that it is a genuine copy of a Google policy that existed at any point in time. The Declaration is misleading, incompetent and improper. It must be stricken.

4

3.  Conclusion

For all of the foregoing reasons, Plaintiff Christina Elwell requests that the Court strike Defendants' Reply Brief and the Declaration of Koray J. Bulut.

CHRISTINA ELWELL,

By her attorneys,

/s/ Joshua L. Solomon
Ira K. Gross (IG 6834)
Ilene Robinson Sunshine (IS 2935), *pro hac vice*
Joshua L. Solomon (JS 5848), *pro hac vice*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800 (phone)
(617) 338-2880 (fax)
igross@sandw.com
isunshine@sandw.com
jsolomon@sandw.com

Dated: October 3, 2005

5

{B0447865; 4}