MARINA C. TSATALIS
KORAY J. BULUT
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: MTsatalis@wsgr.com

ADRIAN T. DELMONT (AD-7010)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12 East 49th Street
New York, NY 10017
Tel. (212) 999-5800
Email: ADelmont@wsgr.com

Attorneys for Defendants
GOOGLE INC. and TIMOTHY ARMSTRONG

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Christina Elwell,<br><br>         Plaintiff,<br><br>v.<br><br>GOOGLE, INC. and<br>TIMOTHY ARMSTRONG,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ECF CASE<br>Case No: 05-CV-06487 (DLC)<br><br>**MEMORANDUM IN OPPOSITION<br>TO PLAINTIFF'S MOTION TO<br>STRIKE DEFENDANTS' REPLY<br>BRIEF AND DECLARATION** |

      Defendants' Reply brief was timely filed pursuant to the Federal Rules of Civil Procedure. Local Rule 6.1(b)(3) states that reply briefs must be filed within five business days after the service of the answering papers. Federal Rule 6(e) provides for *three additional days* if service of the answering papers is made pursuant to Rule 5(b)(2)(D) (electronically). Federal Rule 6(a) provides that intermediate Saturdays and Sundays are excluded in the computation of time when the prescribed period is shorter than eleven days.

Plaintiff's Opposition was filed electronically on September 14, 2005.  Thus, pursuant to Local Rule 6.1(b)(3) and Federal Rules 5(b)(2)(D) and 6(a), Defendants' Reply brief was not due until September 26, 2005.  Accordingly, Plaintiff's Motion to Strike must be denied.

It is unfortunate that Plaintiff's papers continue to be abrasive and aggressive in tone.  Equally dismaying is Plaintiff's use of an unfounded timeliness issue to file what amounts to be sur-reply addressing substantive points made in Defendants' Reply.  Although Plaintiff contends that Defendants "thumb[ed] their noses at this Court's rules," it is Plaintiff who has blatantly disregarded the rules by filing a sur-reply without leave of court.  Travelers Inc. Co. v. Buffalo Reinsurance Co., 735 F. Supp. 492, 495 (S.D.N.Y 1990), vacated in part on other grounds, 739 F. Supp. 209 (S.D.N.Y. 1990) (sur-reply shall not be accepted without prior leave of the court).  In addition to being procedurally unauthorized, Plaintiff's sur-reply lacks substantive merit.

Plaintiff takes issue with the fact that Defendants submitted the actual "Code of Conduct" that was in place at the time of the events on which Plaintiff's Complaint is based, arguing that a motion to dismiss must be decided on the pleadings alone.  However, Defendants' motion is to dismiss *and* to compel arbitration.  There is no basis to exclude extrinsic evidence in considering a motion to compel arbitration.  To the contrary, by its very nature, this issue requires the consideration of documents outside of the Complaint to determine whether the parties agreed to arbitrate the issues raised.  This Court has, in the past, looked beyond the face of the Complaint when ruling on motions to compel arbitration.  See Vaughn v. Leeds, Morelli & Brown, P.C., No. 04 Civ. 8391 (DLC), 2005 WL 1949468 (S.D.N.Y. Aug. 12, 2005).  Moreover, Plaintiff's protests ring hollow since she failed to raise this objection in her Opposition even though Defendants' motion to compel arbitration introduced the underlying arbitration agreement.

Next, Plaintiff makes the calumnious statement that Defendants have "actively misled the Court" by citing the Code of Conduct that was in place at the time of the events at issue.  Nothing could be further from the truth.  Defendants submitted the actual Code of Conduct that governed Plaintiff's behavior at the time, since it is that Code of Conduct by which Plaintiff's behavior will be judged.  To avoid any dispute over this manufactured issue, Defendants now submit, as Exhibit A to this Opposition, the earlier version of the code of conduct that was attached to Plaintiff's Employment

Agreement. As the Court will note, this version is even more supportive of Defendants' contentions that Plaintiff's workplace behavior implicated the Employment Agreement. As one example, this document prohibits all employees from "[e]ngaging in any conduct which is not in the best interest of the Company." (¶ 13). Plaintiff's threats to take the position that Google offered her and "fuck it up," "make life difficult" for Google and join Yahoo, Google's competitor, certainly implicate the terms of this policy, which is specifically referenced in Plaintiff's Employment Agreement.

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's Motion to Strike.

Dated: October 3, 2005

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____/s/_____
Adrian T. Delmont (AD-7010)
Wilson Sonsini Goodrich & Rosati
Professional Corporation
12 East 49th Street
New York, NY 10017

*Attorneys for Defendants*
Google Inc. and Timothy Armstrong

EXHIBIT A

<u>Exhibit D</u>

Google Inc.

Conflict of Interest Guidelines

---

It is the policy of Google Inc. to conduct its affairs in strict compliance with the letter and spirit of the law and to adhere to the highest principles of business ethics. Accordingly, all officers, employees and independent contractors must avoid activities which are in conflict, or give the appearance of being in conflict, with these principles and with the interest of the Company. The following are potentially comprising situations which must be avoided. Any exceptions must be reported to the President and written approval for continuation must be obtained.

1. Revealing confidential information to outsiders or misusing confidential information. Unauthorized divulging of information is a violation of the policy whether or not for personal gain and whether or not harm to the Company is intended. (The Employment, Confidential Information and Invention Assignment Agreement elaborates on this principle and is a binding agreement.)

2. Accepting or offering substantial gifts, excessive entertainment, favors or payments which may be deemed to constitute undue influence or otherwise be improper or embarrassing to the Company.

3. Participating in civic or professional organizations that might involve divulging confidential information of the Company.

4. Initiating or approving personnel actions affecting reward or punishment of employees or applicants where there is a family relationship or is or appears to be a personal or social involvement.

5. Initiating or approving any form of personal or social harassment of employees.

6. Investing or holding outside directorship in suppliers, customers or competing companies, including financial speculations, where such investment or directorship might influence in any manner a decision or course of action of the Company.

7. Borrowing from or lending to employees, customers or suppliers.

8. Acquiring real estate of interest to the Company.

9. Improperly using or disclosing to the Company any proprietary information or trade secrets of any former or concurrent employer or other person or entity with whom obligations of confidentiality exist.

10. Unlawfully discussing prices, costs, customers, sales or markets with competing companies or their employees.

11. Making any unlawful agreement with distributors with respect to prices.

12. Improperly using or authorizing the use of any inventions which are the subject of patent claims of another person or entity.

13. Engaging in any conduct which is not in the best interest of the Company.

Each officer, employee and independent contractor must take every necessary action to ensure compliance with these guidelines and to bring problem areas to the attention of higher management for review. Violations of this conflict of interest policy may result in discharge without warning.