UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA ELWELL,<br>    Plaintiff,<br><br>v.<br><br>GOOGLE, INC. and<br>TIMOTHY ARMSTRONG,<br>    Defendants. | Civil Action No:<br>05-CV-06487 (DLC) (JCF)<br>ECF |

### REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S
### MOTION TO STRIKE DEFENDANTS' REPLY BRIEF AND DECLARATION

Plaintiff Christina Elwell ("Elwell") has moved the Court to strike the reply brief filed by Defendants in support of their motion to compel arbitration and dismiss this action (the "Reply Brief") and the Declaration of Koray J. Bulut filed therewith (the "Declaration"). Elwell offers this reply memorandum in further support of her Motion to Strike.

    A.    <u>Defendants Filed The Reply Brief Late</u>

The Reply Brief was untimely. To justify their late submission, Defendants invoke Fed. R. Civ. P. 6(e), which adds three days to deadlines for responding to filings that are served in certain ways. Rule 6(e) is clearly designed to address the uncertainty in delivery inherent in certain means of service, such as the United States mail. In this case, however, Elwell filed her opposition to Defendants' motion to compel arbitration through the Court's electronic case filing system (the "ECF system"), which resulted in instantaneous service on Defendants. Availing themselves of the three-day grace period in this instance ignores the obvious purpose of Rule 6(e). Indeed, since filing through the ECF system is now mandatory, Defendants' interpretation of Rule 6(e) produces the absurd result that the grace period in Rule 6(e), which is intended to serve as the <u>exception</u>, would apply to <u>all</u> deadlines for responding to filings.

{B0449354; 5}

B.   Defendants Have Not Offered Any Justification For Their Improper Declaration

Elwell also moved to strike the Declaration and attached document entitled "Code of Conduct" on the grounds that Defendants had misled the Court as to their relevance, that it was improper to offer the Code of Conduct for the first time with a Reply Brief and on a Rule 12 motion, and that Defendants failed to satisfy basic principles of admissibility. Defendants' opposition partly compounds these defects and partly ignores them.

1.   Defendants Further Mislead the Court Regarding the Relevance of the Declaration

The Reply Brief argued that Elwell was bound to arbitrate the claims in this action because the arbitration clause in the intellectual property and confidentiality agreement she signed with Google in 2000 (the "Agreement") incorporated a conflicts of interest policy. The Reply Brief carefully avoided quoting the actual contract language, however, which does not in fact refer to just any conflicts of interest policy, but, rather, to the "Conflict of Interest Guidelines attached as Exhibit D" to the Agreement. Instead of quoting from or proffering these Guidelines, Defendants quoted from and then submitted the Code of Conduct, a document that was neither attached to Elwell's Agreement nor even issued by Google until August 2004. Defendants thus created the misleading impression that the Code of Conduct was identical to the document incorporated into the Agreement, and thus was relevant to Defendants' motion to compel arbitration.

Elwell's Motion to Strike called Defendants on this sleight of hand. Defendants now try to deflect the issue by arguing in their opposition that they did not intend to represent that the Code of Conduct was a part of Elwell's Agreement. They now say that they offered it because it contains policies that were in place during the time the operative events of this case took place, and thus policies "by which Plaintiff's behavior will be judged." Opposition, at 2. This

2

{B0449354; 5}

"explanation," of course, does not address, or even attempt to justify, Defendants' misleading quotation from the Code of Conduct when discussing the Agreement and its incorporation of a conflicts of interest policy. In fact, this assertion merely compounds the misrepresentation.

In addition, Defendants' recently contrived "explanation" makes no sense. First, Defendants miss the mark by asserting that Elwell's conduct will be "judged" at all in this discrimination, tortious interference and emotional distress case. Even if Elwell's actions were under scrutiny, however, most of the events of this case occurred before August 2004, the date of the Code of Conduct. Elwell's actions could not be judged by a Code of Conduct that <u>did not exist</u> at the time those actions were taken.

Second, the issue presented to the Court in Defendants' motion to dismiss (and which Defendants continue to obfuscate) is not whether Elwell's actions will be judged by the Code of Conduct, or by any other set of Google's rules. The issue is whether Elwell <u>agreed in 2000 to arbitrate</u> the claims in this action. Even if Elwell's claims involved the Code of Conduct, Elwell could not have agreed in 2000 to arbitrate any disputes arising under a Code of Conduct that did not exist.

2. <u>Defendants Improperly Proffered the Code of Conduct In Their Motion to Dismiss</u>

Elwell's Motion to Strike established that the proffer of extrinsic evidence is improper with a motion to dismiss. In response, Defendants claim that the Court must review certain documents in order to determine arbitrability. But Elwell does not dispute the obvious proposition that the Court cannot determine arbitrability without seeing the putative arbitration agreement. For that reason, Elwell did not challenge the admissibility of the Agreement when

3

{B0449354; 5}

Defendants attached it to their motion.[1]  However, as noted above, because the Code of Conduct was not issued until 2004, it has no relationship whatsoever to Elwell's arbitration agreement, and does not belong in the record on this motion to dismiss.

### 3. Defendants Have Conceded Elwell's Other Arguments

Defendants' opposition fails to address the other flaws with the Declaration; namely, that Defendants improperly raised the argument concerning Elwell's alleged violation of the Code of Conduct, and proffered that document, for the first time in their Reply Brief.  Defendants also make no attempt to justify the competency of their outside counsel to authenticate the Code of Conduct.  Defendants' silence concedes these arguments.

### C.  Conclusion

For the reasons stated herein and in Elwell's Motion to Strike, Elwell requests that the Court strike Defendants' Reply Brief and the Declaration of Koray J. Bulut.

---

[1] Elwell did remark on the fact that the Agreement is labeled as an exhibit to some other document and that Defendants' proffer therefore appeared not to contain all of the documents that limned the terms of her employment relationship with Google.  Elwell questioned Defendants' reason for omitting the remaining documents, which Defendants still have not offered to the Court.

4

{B0449354; 5}

CHRISTINA ELWELL,

By her attorneys,

/s/ Joshua L. Solomon
Ira K. Gross (IG 6834)
Ilene Robinson Sunshine (IS 2935), *pro hac vice*
Joshua L. Solomon (JS 5848), *pro hac vice*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800 (phone)
(617) 338-2880 (fax)
igross@sandw.com
isunshine@sandw.com
jsolomon@sandw.com

Dated: October 7, 2005

{B0449354; 5}