UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

CHRISTINA ELWELL,

               Plaintiff,

   -against-

GOOGLE, INC. and TIMOTHY
ARMSTRONG,

             Defendants.

**05-CV-06487 (DLC) (JCF)**

**ECF CASE**

------------------------------------------------------------------ x

### DECLARATION OF JOSHUA L. SOLOMON IN
### SUPPORT OF PLAINTIFF'S MOTION TO LIFT LITIGATION STAY

1.     I am an associate with the law firm of Sullivan & Worcester LLP, counsel to

plaintiff, Christina Elwell, in the above-captioned matter. I offer this declaration in support of

plaintiff's motion to lift the litigation stay currently in place in this action.

2.     Attached hereto as <u>Exhibit A</u> is a true and accurate copy of a document labeled

"Google Inc. Employment, Confidential Information and Invention Assignment Agreement" that

defendants filed with this Court in support of their motion to compel arbitration.

3.     Attached hereto as <u>Exhibit B</u> is a true and accurate copy of a document, Bates

labeled G0002-03, that defendants produced during discovery in the pending arbitration between

plaintiff and defendants.

4.      Attached hereto as Exhibit C is a true and accurate copy of a document, Bates labeled G0441-44, that defendants produced during discovery in the pending arbitration between plaintiff and defendants.[1]

5.      Attached hereto as Exhibit D is a true and accurate copy of an August 4, 2006 letter from Catherine Harris, Esq., the arbitrator in the pending arbitration between plaintiff and defendants.

6.      Attached hereto as Exhibit E is a true and accurate copy of an August 3, 2006 letter from Marina C. Tsatalis, Esq.

7.      Attached hereto as Exhibit F is a true and accurate copy of an August 23, 2006 letter from Ilene Robinson Sunshine, Esq.

8.      Attached hereto as Exhibit G is a true and accurate copy of an August 29, 2006 letter from Mr. Jose Ibarra, the AAA case manager for the pending arbitration between plaintiff and defendants.

9.      Attached hereto as Exhibit H is a true and accurate copy of an April 16, 2007 email from Mr. Jose Ibarra.

10.     Attached hereto as Exhibit I is a true and accurate copy of a Stipulation Regarding Exclusion of Witnesses and Evidence.

---

[1] Because this document is subject to a protective order that prohibits plaintiff from filing this document without first seeking permission to file it under seal, the version of this declaration being filed electronically does not contain Exhibit C.  Plaintiff is filing herewith a motion to file Exhibit C under seal.  Upon the Court's ruling on that motion, plaintiff will provide a copy of Exhibit C.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 18, 2007.

s/ Joshua L. Solomon
Joshua L. Solomon

**EXHIBIT A**

EXHIBIT B

GOOGLE INC.

EMPLOYMENT, CONFIDENTIAL INFORMATION AND INVENTION ASSIGNMENT AGREEMENT

As a condition of my employment with Google Inc., its subsidiaries, affiliates, successors or assigns (together "the Company"), and in consideration of my employment with the Company and my receipt of the compensation now and hereafter paid to me by Company, I agree to the following:

1. **At Will Employment.** I understand and acknowledge that my employment with the Company is for an unspecified duration and constitutes "at-will" employment. I acknowledge that this employment relationship may be terminated at any time, with or without good cause or for any or no cause at the option either of the Company or myself, with or without notice.

2. **Confidential Information**

(a) **Company Information.** I agree at all times during the term of my employment and thereafter, to hold in strictest confidence, and not to use, except for the benefit of the Company, or to disclose to any person, firm or corporation without written authorization of the Board of Directors of the Company, any Confidential Information of the Company. I understand that "Confidential Information" means any Company proprietary information, technical data, trade secrets or know-how, including, but not limited to, research, product plans, products, services, customer lists and customers (including, but not limited to, customers of the Company on whom I called or with whom I became acquainted during the term of my employment), markets, software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, finances or other business information disclosed to me by the Company either directly or indirectly in writing, orally or by drawings, or observation of parts or equipment. I further understand that Confidential Information does not include any of the foregoing items which has become publicly known and made generally available through no wrongful act of mine or of others who were under confidentiality obligations as to the item or items involved.

(b) **Former Employer Information.** I agree that I will not, during my employment with the Company, improperly use or disclose any proprietary information or trade secrets of any former or concurrent employer or other person or entity and that I will not bring onto the premises of the Company any proprietary information belonging to any such employer, person or entity unless consented to in writing by such employer, person or entity.

(c) **Third Party Information.** I recognize that the Company has received and in the future will receive from third parties their confidential or proprietary information subject to a duty on the Company's part to maintain the confidentiality of such information and to use it only for certain limited purposes. I agree to hold all such confidential or proprietary information in the strictest confidence and not to disclose it to any person, firm or corporation or to use it except as necessary in carrying out my work for the Company consistent with the Company's agreement with such third party.

3. **Inventions**

(a) **Inventions Retained and Licensed.** I have attached hereto, as Exhibit A, a list describing all inventions, original works of authorship, developments, improvements, and trade secrets which were made by me prior to my employment with the Company (collectively referred to as "Prior Inventions"), which belong to me, which relate to the Company's proposed business, products or research and development, and which are not assigned to the

Company hereunder; or, if no such list is attached, I represent that there are not such Prior Inventions. If in the course of my employment with the Company, I incorporate into a Company product, process or machine a Prior Invention owned by me or in which I have an interest, the Company is hereby granted and shall have a nonexclusive, royalty-free, irrevocable, perpetual, worldwide license to make, have made, modify, use and sell such Prior Invention as part of or in connection with such product, process or machine.

(b)    <u>Assignment of Inventions</u>.  I agree that I will promptly make full written disclosure to the Company, withholding trust for the sole right and benefit of the company, and hereby assign to the Company, or its designee, all my right, title, and interest in and to any and all inventions, original works of authorship, developments, concepts, improvements or trade secrets, whether or not patentable or registrable under copyright or similar laws, which I may solely or jointly conceive or develop or reduced to practice, or cause to be conceived or developed or reduced to practice, during the period of time I am in the employ of the Company (collectively referred to as "Inventions"), except as provided in Section 3(f) below.  I further acknowledge that all original works of authorship which are made by me (solely or jointly with others) within the scope of and during the period of my employment with the Company and which are protectible by copyright are "works made for hire", as that term is defined in the United States Copyright Act.

(c)    <u>Inventions Assigned to the United States</u>.  I agree to assign to the United States government all my right, title and interest in and to any and all Inventions whenever such full title is required to be in the United States by a contract between the Company and the United States or any of its agencies.

(d)    <u>Maintenance of Records</u>.  I agree to keep and maintain adequate and current written records of all Inventions made by me (solely or jointly with others) during the term of my employment with the Company.  The records will be in the form of notes, sketches, drawings, and any other format that may be specified by the Company.  The records will be available to and remain the sole property of the Company at all times.

(e)    <u>Patent and Copyright Registrations</u>.  I agree to assist the Company, or its designee, at the Company's expense, in every proper way to secure the Company's rights in the Inventions and any copyrights, patents, mask work rights or other intellectual property rights relating thereto in any and all countries, including the disclosure to the Company of all pertinent information and data with respect thereto, the execution of all applications, specifications, oaths, assignments and all other instruments which the Company shall deem necessary in order to apply for and obtain such rights and in order to assign and convey to the Company, its successors, assigns, and nominees the sole and exclusive rights, title and interest in and to such Inventions, and any copyrights, patents, mask work rights or their intellectual property rights relating thereto.  I further agree that my obligation to execute or cause to be executed, when it is in my power to do so, any such instrument or papers shall continue after the termination of this Agreement.  If the Company is unable because of my mental or physical incapacity or for any other reason to secure my signature to apply for or to pursue any application for any United States or foreign patents or copyright registrations covering Inventions or original works of authorship assigned to the Company as above, then hereby irrevocably designate and appoint the Company and its duly authorized officers and agents as my agent and attorney in fact, to act for and in my behalf and stead to execute and file any such applications and to do all other lawfully permitted acts to further the prosecution and issuance of letters patent or copyright registrations thereon with the same legal force and effect as if executed by me.

(f)    <u>Exception to Assignments</u>.  I understand that the provisions of this Agreement requiring assignment of Inventions to the Company do not apply to any invention which qualifies fully under the provisions of California Labor Code Section 2870 (attached hereto as <u>Exhibit B</u>).  I will advise the Company promptly in writing of any inventions that I believe meet the criteria in California Labor Code Section 2870 and not otherwise disclosed on <u>Exhibit A</u>.

4.    <b>Conflicting Employment</b>.  I agree that, during the term of my employment with the Company, I will not engage in any other employment, occupation, consulting or business activity directly related to the business in which the Company is now involved or becomes involved during the term of my employment, nor will I engage in any other activities that conflict with my obligations to the Company.

5.    **Returning Company Documents**.  I agree that, at the time of leaving the employ of the Company, I will deliver to the Company (and will not keep in my possession, recreate or deliver to anyone else) any and all devices, records, data, notes, reports, proposals, lists, correspondence, specifications, drawings, blueprints, sketches, materials, equipment, other documents or property, or reproductions of any aforementioned items developed by me pursuant to my employment with the Company or otherwise belonging to the Company, its successors or assigns.  In the event of the termination of my employment, I agree to sign and deliver the "Termination Certificate" attached hereto as Exhibit C.

6.    **Notification of New Employer**.  In the event that I leave the employ of the company, I hereby grant consent to notification by the Company to my new employer about my rights and obligations under this Agreement.

7.    **Solicitation of Employees**.  I agree that for a period of (12) months immediately following the termination of my relationship with the Company for any reason, whether with or without cause, I shall not either directly or indirectly solicit, induce or encourage any of the Company's employees to leave their employment, or take away such employees, or attempt to solicit, induce, encourage or takeaway employees of the Company, either for myself of for any other person or entity.

8.    **Conflict of Interest Guidelines**.  I agree to diligently adhere to the Conflict of Interest Guidelines attached as Exhibit D hereto.

9.    **Representations.**  I agree to execute any proper oath or verify any proper document required to carry out the terms of this Agreement.  I represent that my performance of all terms of the Agreement will not breach any agreement to keep in confidence proprietary information acquired by me in confidence or in trust prior to my employment by the Company.  I have not entered into, and I agree I will not enter into, any oral or written agreement in conflict herewith.

10.    **Arbitration and Equitable Relief**

(a) Arbitration.  Except as provided in Section 10(b) below, I agree that any dispute or controversy arising out of or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by arbitration to be held in Santa Clara County, California, in accordance with the rules then in effect of the American Arbitration Association.  The arbitrator may grant injunctions or other relief in such dispute or controversy.  The decision of the arbitrator shall be final, conclusive and binding on the parties to the arbitration.  Judgement may be entered on the arbitrator's decision in any court having jurisdiction.  The Company and I shall each pay one-half of the costs and expenses of such arbitration, and each of us shall separately pay our counsel fees and expenses.

(b) Equitable Remedies.  I agree that it would be impossible or inadequate to measure and calculate the Company's damages from any breach of the covenants set forth in Sections 2, 3, and 5 herein.  Accordingly, I agree that if I breach any of such Sections, the Company will have available, in addition to any other right or remedy available, the right to obtain an injunction from a court of competent jurisdiction restraining such breach or threatened breach and to specific performance of any such provision of the Agreement.  I further agree that no bond or other security shall be required in obtaining such equitable relief and I hereby consent to the issuance of such injunction and to the ordering of specific performance.

11.    **General Provisions**

(a)    Governing law; Consent to Personal Jurisdiction.  This Agreement will be governed by the laws of the State of California.  I hereby expressly consent to the personal jurisdiction of the state and federal courts located in California for any lawsuit filed there against me by the Company arising from or relating to this Agreement.

(b)    Entire Agreement.  This Agreement sets forth the entire agreement and understanding between the Company and me relating to the subject matter herein and merges all prior discussions between us.  No modification of or amendment to this Agreement, nor any waiver of any rights under this agreement, will be effective unless in writing signed by the party to be charged. Any subsequent change or changes in my duties, salary or compensation will not affect the validity or scope of this Agreement.

(c)     Severability.   If one or more of the provisions in this Agreement are deemed void by law, then the remaining provisions will continue in full force and effect.

(d)     Successors and Assigns.   This Agreement will be binding upon my heirs, executors, administrators and other legal representatives and will be for the benefit of the Company, its successors, and its assigns.

Date:     9/26/00

<br>

C. P. Elwell
**Signature**

<br>

**Name of Employee (typed or printed)**

<br><br>

**Witness**

# Exhibit B



Google Inc.
2400 Bayshore Parkway
Mountain View, CA  94043

Main 650.318.0200
Fax  650.618.1499
www.google.com

Christina Elwell
530 West End Avenue, Apt. 62
New York, NY 10024

September 13, 2000

Dear Christina:

It is with great pleasure that we offer you a position at Google as Advertising Sales Director, in New York reporting to Tim Armstrong, VP of National Advertising Sales.  Your base salary will be $5384.62 bi-weekly ($140,000 annualized) plus benefits.

In addition, upon approval by our Board of Directors, you will be granted an option to purchase 51,000 shares of Google stock.  Your option price will be based upon the fair market value as determined by the Board of Directors at their next meeting following your date of hire.  Your options will vest at the rate of 1/4 on the date 12 months after you commence employment, and the remaining shares will vest an additional 1/48th each month thereafter.

Your Target Annual Earning will be $210,000 based on achievement of 100% of your annual quota.

Per the Immigration Naturalization Act, Google is required to verify the identity and employment authorization of all new hires.  In order to comply with this legal obligation, please provide Google with proper documentation (Social Security card and Driver's License or Passport) on your first day of employment.

As a Google employee, you will be required to sign an acknowledgement that you have read and understand Google policies and procedures which are included in Google's Employee Handbook.  You will also be expected to sign and comply with an Employment, Confidential Information, Invention Assignment Agreement which requires, among other provisions, the assignment of patent rights to any invention made during your employment at Google and non-disclosure of proprietary information.

As a full-time regular employee of Google, you will be eligible for health care and related employee benefits.  Most of your benefits will become effective on your date of hire and will be explained to you during a New Hire Orientation at 10:00 a.m. on your first day.  Should you have any questions before then, please contact Heather Cairns, HR Representative at (650) 330-0100 x1004.  Please bring evidence of your identity and eligibility for employment in the United States with you on your first day of employment.

This offer is valid for 5 (five) business days following your receipt of this letter and is contingent upon your start date within the month of September 2000.  To indicate your acceptance of Google's offer, please sign and date the enclosed original and return it in the envelope provided.  A duplicate original is enclosed for your record.

Christina, we look forward to you joining the team!  We feel you will make a substantial impact on the future direction and success of Google.  We look forward to working with you!

Sincerely,

*Step Skella* For *Omid Kordestani*

Omid Kordestani

VP of Sales and Business Development

Google, Inc.

G0002

I accept the terms and conditions of this offer of employment as stated above. I understand and agree that my employment with Google will be voluntarily entered into, and that nothing in this offer letter is to be construed or interpreted as a contract for employment for a specified period of time. Consequently, I will be free to resign at any time for any reason or no reason, as I deem appropriate, and understand that Google will have a similar right and may conclude its employment relationship with me at any time, with or without cause. I further understand that my signature is required on a Google Incorporated Confidentiality and Invention Agreement as a condition of employment on my first day of employment.

I have read and fully understand this agreement. I acknowledge and accept the terms and conditions stated herein.

_Christina Elwell_
Christina Elwell

9/18/00
DATE

Start Date (Should be a Monday, unless Monday is a holiday.)

G0003

# Exhibit C

This exhibit has been redacted pending the Court's ruling on plaintiff's motion to file the exhibit under seal

# Exhibit D

# Catherine Harris, Esq.

Arbitrator • Mediator

August 4, 2006

**MARINA C. TSATALIS**, Esq.
**GARY M. GANSLE**, Esq.
Wilson, Sonsini, Goodrich & Rosati          **VIA FACSIMILE ONLY**
650 Page Mill Road
Palo Alto, CA 94304-1050
FAX: (650) 493-6811

**ILENE ROBINSON SUNSHINE**, Esq.
**JOSHUA L. SOLOMON**, Esq.
Sullivan & Worchester LLP
One Post Office Square
Boston, MA 02109
FAX: (617) 338- 2880          Re: Elwell and Google, Inc et al.
                                  Case No. 74 160 00200 06

Dear Counsel:

I am in receipt of Respondent's facsimile dated August 3, 2006 notifying the arbitrator that a key witness would not be available for some period of time which overlaps with the tentative trial dates of June 18, 19, 20, 21, 22, 25, and 26, 2007, as well as Respondent's deposition subpoena and request for documents. I have also received Claimant's facsimile dated August 4, 2006 which includes a copy of a letter from Ms. Sunshine to Ms. Tsatalis.

## *The Tentative Scheduling Order*

Let me begin by reviewing the outcome of our second telephonic management conference which took place on August 1, 2006. After reviewing both parties' proposed discovery plans, the arbitrator with the full participation of both parties established the following tentative schedule of case events:

| 11/30/06 | Discovery Cutoff (all depositions completed and responses to discovery supplied to opposing party) |
| 12/15/06 | Last Day for Filing Discovery Motions |
| 12/29/06 | Due Date for Filing Opposition to Discovery Motions |

The parties agreed to waive replies in the interest of moving the case forward in a timely fashion; however, let me emphasize that either party would be permitted to request permission to file a

**MARINA C. TSATALIS**, Esq.
**GARY M. GANSLE**, Esq.
**ILENE ROBINSON SUNSHINE**, Esq.
**JOSHUA L. SOLOMON**, Esq.
Page Two
August 4, 2006

reply for good cause shown, e.g., to meet a new issue which the party could not possibly have anticipated. I explained that it is my practice to issue a tentative ruling by facsimile (I indicated that you could expect a ruling on January 10, 2007, i.e., less than a week after my return from Europe for the holidays). I also indicated that with respect to all motions (not just discovery motions), either party would be permitted to request a telephonic hearing to contest the tentative ruling and we agreed to hold that hearing, if necessary, by January 12, 2007 or as soon thereafter as our respective schedules could be coordinated.

During the conference call, Ms. Tsatalis expressed the concern that if additional discovery were ordered by the arbitrator pursuant to discovery motions, this would compress the schedule and impair her ability to prepare a motion for summary judgment. She was assured by the arbitrator that any scheduling order would always be subject to modification by the arbitrator for good cause shown. Additionally, the parties assured the arbitrator that they were prepared to schedule depositions conveniently so as to eliminate the need to criss-cross the country on multiple trips to take depositions *seriatim*.

We also established the following schedule for the hearing of any dispositive motions, if any:

| | |
|---|---|
| 2/28/07 | Last Day to File Dispositive Motions |
| 3/28/07 | Last Day to Respond to Dispositive Motions |
| 4/11/07 | Last Day to Reply |

The arbitrator indicated that the same procedure regarding tentative rulings would apply and that any hearing to contest the tentative ruling would be held on April 18, 2007, or as soon thereafter as our schedules could be coordinated.

The following schedule was also developed regarding expert witnesses if any:

| | |
|---|---|
| 4/25/07 | Identification of Experts |
| 5/11/07 | Exchange of Expert Reports and Exhibits |
| 6/1/07 | Last Day to Depose Experts |

Finally, the date of **May 18, 2006** was selected as the date for exchange of witness lists and copies of documents (witnesses and documents which each party intends to present as part of its

MARINA C. TSATALIS, Esq.
GARY M. GANSLE, Esq.
ILENE ROBINSON SUNSHINE, Esq.
JOSHUA L. SOLOMON, Esq.
Page Three
August 4, 2006

case in chief).  Although not expressly stated during the conference, all deadlines for
transmitting documents to the opposing party or to the arbitrator are mailing dates.

*Applicability of a Tentative Scheduling Order*

During the management conference, Respondent's counsel emphasized that she was not
able to commit to the above-referenced scheduling plan until she consulted with her client and
witnesses regarding availability during the summer.  Thus, it was agreed that the scheduling order
would not be finalized until she confirmed the availability of her witnesses.  We then had a
discussion about whether the case could move forward prior to issuance of the scheduling order.
The arbitrator told the parties that while she encouraged them to cooperate in the discovery
process that no party would be obliged to initiate the discovery process until we had a final
schedule in place.  For this reason, I was surprised that after notifying me that Respondent was
unable to commit to the scheduling order, Respondent now seeks to initiate the Claimant's
deposition and production of documents (at a New York location). Having reviewed Ms.
Sunshine's letter, it would appear that a subpoena is not necessary.

*The Question of What Rules Govern Procedural Issues*

During both our first and second management calls, the issue of what rules govern the
conduct of the arbitration was raised by the parties.  Respondent contends that the California
Rules of Civil Procedure control whereas Claimant has invoked the AAA's National Rules for the
Resolution of Employment Disputes.  I want to make clear that, to date, I have not issued a
ruling on this issue.  Now, I have been advised by Respondent that it will seek a judicial
interpretation of the employment agreement as a means of resolving this issue.  Based on my
preliminary review of the employment agreement, it appears that circumstances under which
Respondent may seek a court order during the pendency of the arbitration are limited by Section
10 (b) to alleged violations of Sections 2 (Confidential Documents), 3 (Inventions) and 5
(Company Documents) and that this issue would involve arbitral interpretation of Section 10 (a)
which references "the rules then in effect of the American Arbitration Association" and Section 11
which states that "[T]his Agreement will be governed by the laws of the State of California." I
find no specific reference to the California Code of Civil Procedure.  In any event, should
Respondent wish to pursue a court order during the pendency of the arbitration, this would not
derail or delay the arbitration process.  Unless and until the arbitrator receives a court order
staying the arbitration proceeding, the arbitration will proceed as ordered by United States
District Judge Denise Cote and in accordance with the notice of hearing and scheduling order
which will be issued shortly.

MARINA C. TSATALIS, Esq.
GARY M. GANSLE, Esq.
ILENE ROBINSON SUNSHINE, Esq.
JOSHUA L. SOLOMON, Esq.
Page Four
August 4, 2006

*Agreement as to New Trial Dates*

Based on correspondence between the parties, there is now mutual agreement as to trial dates: **July 26, 27, 28, 29, 30 and August 2 and 3, 2007 beginning at 10:00 a.m. at the AAA Office in San Francisco, CA.** I also wish to confirm that while the employment agreement calls for the hearing to be conducted in Santa Clara County, the arbitrator encouraged the parties, and the parties agreed, to hold the hearing on neutral turf, i.e., the AAA office in San Francisco, which is easily accessible by BART for all parties and witnesses.

*The Final Scheduling Order*

I am therefore requesting that Mr. Ibarra issue a formal notice of hearing and scheduling order to reflect all of the dates established during our telephonic management conference (as the tentative scheduling order) except for the substitution of the new trial dates. I am also asking Mr. Ibarra to include as part of the scheduling order the following two items:

1) Any motion to amend the Demand for Arbitration or to assert a counterclaim may be made by the parties in accord with Rule 5.

2) The parties agree on the need for a court reporter at the arbitration hearing and agree to split the cost of an original plus two copies of the transcript.

The final scheduling order will remain in force and effect unless modified by the arbitrator for good cause shown.

Very truly yours,
CATHERINE HARRIS, Esq.
Arbitrator• Mediator

By: _____
CATHERINE HARRIS

cc: Jose Ibarra, Case Manager
CH/rc

# Exhibit E



Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION        August 3, 2006

650 Page Mill Road
Palo Alto, CA 94304-1050
PHONE 650.493.9300
FAX 650.493.6811
www.wsgr.com

*Via Facsimile*

Arbitrator Catherine Harris
5960 South Land Park Drive, Suite 255
Sacramento, CA 95822-331

      Re:   **Elwell v. Google Inc. and Timothy Armstrong**
             Case No. 74 160 00200 06 JOIB

Dear Arbitrator Harris:

    During our telephone conference on August 1, 2006, Ms. Sunshine stated several times that she is anxious to proceed with discovery in the case and pushed for an early hearing date. I asked twice at the end of our call whether the scheduling order would be in effect immediately, and understood from your responses that you saw no reason why the parties could not commence discovery before the actual issuance of scheduling order. I believe that you advised the parties to let their consciences be their guide. With that in mind, and given Claimant's stated desire to start discovery right away, we served a Deposition Notice for Claimant's deposition with Document Requests attached pursuant to C.C.P. section 2025.280(a). The deposition was timely scheduled pursuant to C.C.P. section 2025.270(a).

    In response, Ms. Sunshine advised me that: 1) she refuses to recognize our discovery requests since discovery has not technically opened; 2) Claimant is purportedly unavailable for deposition on the date that we chose, without offering any explanation or alternative dates; 3) she will not respond to our Document Requests in less than 30 days despite the provisions of the California Code of Civil Procedure that require a party to attend deposition as well as produce any documents or tangible things for inspection and copying at the deposition (C.C.P. section 2025.280(a)); and, 4) she does not believe that the California Code of Civil Procedure applies to this case despite the clear language of the applicable Arbitration Agreement, the Court's order compelling Claimant to arbitrate pursuant to that Agreement, and our discussion during our first conference call on July 7, 2006 in which I confirmed that the California procedural rules would govern this case.

    Given Claimant's refusal to recognize and comply with California law, we cannot proceed to arbitrate this case without another ruling reinforcing the fact that the California Code of Civil Procedure applies to this case. We intend to file a motion with the court with regard to this issue. It is impossible to proceed with discovery without clarification of the governing rules.

    I also would like to point out the striking and disappointing inconsistency in Claimant's counsel's representations during our conference call and her actions thereafter. During the call, she demanded an expedited schedule and repeated several

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Arbitrator Catherine Harris
August 3, 2006
Page 2

times her desire to move forward with discovery immediately. On the heels of that call,
she refused to produce her client for deposition without explanation, failed to provide any
new dates, thereby delaying the deposition further, and refused to produce documents in
less than 30 days contrary to California law. While I would prefer not to begin the case
on a low note, I feel that it was important that you have this information as you finalize
the case schedule. Given the fact that we are already sidetracked by an unnecessary
dispute over the clear applicability of the Code of Civil Procedure to this matter, and
Claimant's counsel's resistance to our efforts to proceed with discovery expeditiously, we
are very concerned about the case schedule that was discussed.

I also write to inform you that I have checked with my clients and the proposed
June dates for the arbitration are not workable because one of our key witnesses is
scheduled to be in Europe during that entire period. We can provide proof of the prior
commitment to you if necessary. Given the issues described above, it is impossible to
schedule the hearing for an earlier date. In order to facilitate finalizing the case schedule,
I have confirmed my clients' availability from July 26, 2006 through August 3, 2006.
However, even those dates seem overly ambitious given the difficulties we have
encountered on our very first attempt to obtain discovery from Claimant. We respectfully
request that you refrain from issuing the case schedule until there is a ruling from the
court on the applicability of the California Code of Civil Procedure. We would like to
revisit the case schedule at that time.

Thanks you for your attention to these issues.

Very truly yours,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

M. C. Tsatalis / *ljh*

Marina C. Tsatalis

cc:   Ilene Sunshine, Esq. (via facsimile)
      Mr. Jose Ibarra (via facsimile)

# Exhibit F

# SULLIVAN & WORCESTER

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2800
F 617 338 2880
www.sandw.com

August 23, 2006

**By Fax and Mail**

Marina C. Tsatalis, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA  94304-1050

Re:    Christina Elwell v. Google, Inc. et al.

Dear Ms. Tsatalis:

This letter follows the telephone call that Josh Solomon and I attempted to have with you this afternoon regarding possible modifications to the tentative scheduling order necessitated by Ms. Elwell's medical condition.  I am sorry that you ended the call before we were able to discuss actual date changes.

As I told you, Ms. Elwell's doctor has said that she can be available for her deposition during the week of November 6, 2006.  We are amenable to having both sides propound written discovery prior to that time.  The disagreement that you believe requires yet another conference call with the Arbitrator involves whether either side may conduct <u>any</u> other depositions before Ms. Elwell's.  We fully respect any concern over possible unfairness that might result if Ms. Elwell were given free rein to conclude all of her depositions before sitting for her own.  We were not proposing that this occur, and were attempting instead to discuss a reasonable solution to this issue when you hung up.  Had you remained on the phone, we would have made clear that we are proposing a stay on depositions for <u>some</u> period of time between now and November 6, but not the entire time.  We also were intending to propose adding several months of discovery time after Ms. Elwell's deposition to address your concern that that event would necessitate other depositions that you could not currently foresee.  Had we concluded our discussion, I suspect that the only area of disagreement would have been whether at least some other depositions can be taken between now and November 6.  That is a point that we easily could address in our written submissions to the Arbitrator this Friday; we do not need to take up any of her time with additional conference calls.

In our conference call with the Arbitrator on November 21, your insistence that Ms. Elwell be deposed before any other individual (regardless of how central the deponent might be to the case) was based on what you claimed was a CCP provision "staying" a plaintiff's discovery for some period of time.  As it turned out, the Arbitrator's ruling that the CCP does not apply in its entirety obviated the need for us to point out that there actually is no such CCP provision, and no other "public policy" of California that subordinates a plaintiff's right to conduct discovery to a defendant's right.

{B0548470; 1}
BOSTON  NEW YORK  WASHINGTON, DC

Marina C. Tsatalis, Esq.
Page 2
August 23, 2006

Apart from your plain desire to depose Ms. Elwell before any other witness appears, there also does not appear to be any actual prejudice to your clients if at least some other depositions occurred first.  This is manifest by your own actions over the past few weeks. In that regard, although you claimed to the Arbitrator that you would effectively be impeded from defending this case at all unless Ms. Elwell were deposed first, you already have sent me three separate deposition notices and/or requests for the deposition of Ms. Elwell's husband, and have told me that you intend to proceed with his deposition despite Ms. Elwell's unavailability.  As you know, the scheduling of Mr. Elwell's deposition was put on the back burner after you requested for a second time that the Arbitrator stay this entire proceeding while you continued to press her to rule on the applicability of the CCP.

We are perfectly willing to discuss some initial deposition schedule that would help expedite this case while maintaining a level playing field for both sides.  An absolute stay on all depositions until Ms. Elwell can appear does not seem necessary to achieve that goal.  We are trying to communicate with you in the spirit of reaching some compromise.  However, as in several instances already, your inability to have things exactly as you want them has resulted in your refusal to negotiate and, instead, to demand more of the Arbitrator's time on matters that she clearly wants the parties to work out among themselves.

We remain willing to discuss this matter with you.  We also are prepared to propose a revised discovery schedule if and when you are willing to talk to us.

Very truly yours,

Ilene Robinson Sunshine

Direct line:  617 338 2928
isunshine@sandw.com

cc:  Joshua L. Solomon, Esq.

{B0548470; 1}

# Exhibit G

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Western Case Management Center*
John M. Bishop
Vice President
Jeffrey Garcia
Assistant Vice President

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880 facsimile: 559-490-1919
internet: http://www.adr.org/

August 29, 2006

**VIA FACSIMILE**

Barry S. Pollack, Esq.
Joshua L. Solomon, Esq.
Ilene R. Sunshine, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA  02109

Marina C. Tsatalis, Esq.
Gary M. Gansle, Esq.
Wilson, Sonsini, Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA  94304-1050

Re: 74 160 00200 06 JOIB
    Christina Elwell
    VS
    Google, Inc. and Timothy Armstrong

Dear Counsel:

Per direction of the Arbitrator, we herewith transmit the following, which shall constitute her final
Scheduling Order:

| | |
|---|---|
| 9/11/06 | Start Date for Discovery Other than Depositions |
| 11/6/06 and 11/7/06 | Deposition of Christina Elwell |
| 11/9/06 and 11/10/06 | Deposition of Timothy Armstrong |
| 11/13/06 | Deposition of Eric Elwell |
| 11/17/06 | Deposition of Charlie Grey |
| 11/22/06 | Deposition of David Scacco |
| 11/29/06 | Deposition of Julie Winzenried (Harn) |
| 2/1/07 | Discovery cutoff (all depositions completed and responses to discovery supplied to opposing party) |
| 2/15/07 | Last day to file discovery motions |
| 2/28/07 | Last day to file oppositions to discovery motions |

| | |
|---|---|
| 4/30/07 | Last day to file dispositive motions |
| 5/30/07 | Last day to file opposition to dispositive motions |
| 6/13/07 | Last day to reply to opposition to dispositive motions |
| 6/25/07 | Exchange of witness lists and copies of documents to be used by each party as part of its case |
| 6/29/07 | Last day to identify experts |
| 7/16/07 | Exchange of expert reports and exhibits |
| 8/6/07 | Last day to depose experts |

Both parties agree that the case will take seven days of hearing. The hearing in this matter is set to take place on **September 24, 25, 26, 27 and 28, and October 1 and 2, 2007**; at the offices of the American Arbitration Association, located at One Sansome Street, 16th Floor, San Francisco, California. The hearings are set to commence at 9:00 AM each day.

In accordance with the Employment Agreement, this case will be conducted in accordance with the National Rules for the Resolution of Employment Disputes amended and effective September 15, 2005 and CCP §§ 1280 et seq.

Any motion to amend the Demand for Arbitration or to assert a counterclaim may be made by the parties in accordance with Rule 5.

The parties agree on the need for a court reporter to transcribe the arbitration hearing and agree to split the cost of an original plus two copies of the transcripts.

This final scheduling order will remain in force and effect unless modified by the arbitrator for good cause shown. Unavailability of witnesses or parties to attend the scheduled hearing dates must be established by cogent and reliable evidence.

The employer has been billed $59,950.00 as a deposit to cover the arbitrator's anticipated compensation and expenses for this matter. This amount was determined by the arbitrator and based on the overall case schedule that the parties arrived at during the Management Conference. Payment is to be received by the Association no later than **January 15, 2007**. You will be receiving an automatically generated invoice within two weeks and every thirty days thereafter, until the balance is paid. Should you need a copy immediately to facilitate payment please contact the undersigned. We will be informing the arbitrator of the amount on deposit forty-five days prior to the first hearing date, and if full deposits are not on hand the arbitrator may suspend this proceeding pending the parties' compliance with the rules.

Additionally, each party's invoice will reflect any applicable administrative fees due the Association.

You may also view case financial information, as well as make payments with a credit card online via AAA's WebFile.

If you have any questions, please do not hesitate to contact the undersigned.

Sincerely,

/s/
José Ibarra
Case Manager
(559) 650-8031
IbarraJ@adr.org

*Supervisor Information: Noreen L. Garcia, (559) 490-1867, Garcian@adr.org*

Enclosure

cc:      Catherine Harris, Esq.

# AMERICAN ARBITRATION ASSOCIATION
## Notice of Hearing

August 29, 2006

Joshua L. Solomon, Esq.
Ilene R. Sunshine, Esq.
Barry S. Pollack, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

Marina C. Tsatalis, Esq.
Gary M. Gansle, Esq.
Wilson, Sonsini, Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050

Re: 74 160 00200 06 JOIB
    Christina Elwell
    VS
    Google, Inc. and Timothy Armstrong

PLEASE TAKE NOTICE that a hearing in the above-entitled arbitration will be held as follows:

Place:   American Arbitration Association-SF
        One Sansome Street, 16th Floor
        San Francisco, CA 94104

Date:   September 24, 2007   Time:   09:00 AM

Date:   September 25, 2007   Time:   09:00 AM

Date:   September 26, 2007   Time:   09:00 AM

Date:   September 27, 2007   Time:   09:00 AM

Date:   September 28, 2007   Time:   09:00 AM

Date:   October 01, 2007   Time:   09:00 AM

Date:   October 02, 2007   Time:   09:00 AM

Before: Catherine Harris, Esq.

NOTE:

Please attend promptly with your witnesses and be prepared to present your proofs.

      José Ibarra
      Case Manager
      (559) 650-8031

NOTICE:  The arbitrator has arranged her schedule and reserved the above dates. Therefore, every effort should be made to appear on the dates scheduled. In the event that unforeseen circumstances make it impossible to attend the hearing as scheduled, a party requesting a postponement should obtain the agreement of the other party.  If there is no mutual agreement, the arbitrator will make a determination.  All requests for postponements must be communicated to the Case Manager, not the arbitrator.  There should be no direct communication between the parties and the neutral arbitrator.  In some instances, postponements are subject to cancellation fees by the arbitrator.  Any party wishing a stenographic record must make arrangements directly with the stenographer and notify the other party of the arrangements in advance of the hearings.

cc:    Catherine Harris, Esq.

# Exhibit H

## Solomon, Joshua L.

| | |
|---|---|
| **From:** | Jose Ibarra [Ibarraj@adr.org] |
| **Sent:** | Monday, April 16, 2007 5:56 PM |
| **To:** | MTsatalis@wsgr.com; Bulut, Koray J.; Sunshine, Ilene Robinson; Solomon, Joshua L.; Pollack, Barry S. |
| **Cc:** | Catherine C. Harris |
| **Subject:** | AAA Case No. 74 160 00200 06 (Elwell v Google) |

Dear Counsel:

Per the arbitrator's direction, we herewith transmit the following, which shall constitute a ruling on her part:

**"The motion for a continuance is granted. Unavailability of lead counsel for due to pregnancy consitutes good cause for the granting of the continuance.**

**Please consult your calendars and the calendars of witnesses and experts in order to allow the setting of this case for seven consecutive days of hearing in February of 2008. The final procedure for selecting specific hearing dates will be discussed tomorrow during our conference call."**

This will serve also to remind you of the conference call tomorrow afternoon, at 1:00 PM Pacific/4:00 PM Eastern. Conference America is dialing out to all parties at the numbers you provided.

As always, please feel free to contact me if you have any questions.

/s/
José Ibarra
Case Manager
Western Case Management Center
American Arbitration Association
6795 North Palm Ave, 2nd Floor
Fresno, CA 93704
Fax: (559) 490-1919
Direct: (559) 650-8031
Toll Free: (877) 528-0880, ext. 8031
Email: IbarraJ@adr.org
Internet: www.adr.org

This e-mail communication is confidential and is intended only for the individual (or individuals) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this e-mail in error by replying to the e-mail or by telephoning (559) 650-8031 during the hours of 9:00 A.M.- 5:00 P.M. (PST). Please then delete the e-mail and any copies of it. Thank you.

# Exhibit I

1  FRED W. ALVAREZ, State Bar No. 68115
   MARINA C. TSATALIS, State Bar No. 178897
2  GARY M. GANSLE, State Bar No. 200755
   WILSON SONSINI GOODRICH & ROSATI
3  Professional Corporation
   650 Page Mill Road
4  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
5  Facsimile: (650) 565-5100

6
   Attorneys for Respondents
7  GOOGLE INC. and
   TIMOTHY ARMSTRONG
8

9                AMERICAN ARBITRATION ASSOCIATION
10

11 CHRISTINA ELWELL                    )   CASE NO.  74 160 00200 06 JOIB
                                       )
12        Claimant                     )   **STIPULATION REGARDING**
                                       )   **EXCLUSION OF WITNESSES AND**
13   v.                                )   **EVIDENCE**
                                       )
14 GOOGLE INC. and                     )
15 TIMOTHY ARMSTRONG                    )
                                       )
16        Respondents.                 )
                                       )
17 _____    )

18
       WHEREAS, Respondents sought to take the depositions of Carl Petrillo, Carl Petrillo, Jr.,
19
   Gregory Petrillo, Renate Elwell, Alan Elwell, Sean Elwell, Ian Elwell, John Kisseberth, Laurie
20
   Bernstein, Jay Dunn, Michael McGowan, Kayce Fried, Claimant's step mother, Lisa Chajet and
21
   Victoria Johnson, individuals who were identified by Claimant and/or Claimant's husband in
22
   their respective depositions as persons with whom Claimant and/or her husband have discussed
23
   the facts of this case; and
24
       WHEREAS, Arbitrator Catherine Harris issued an order providing that Respondents are
25
   permitted to depose these witnesses unless Claimant stipulated that she would not call each
26
   individual as a witness, or introduce into evidence any statements or actions by these individuals;
27
   and
28

3010990_2.DOC

STIPULATION REGARDING EXCLUSION OF WITNESSES AND EVIDENCE

1    WHEREAS, as a result of the Arbitrator's ruling, Claimant has agreed to enter into such

2    a stipulation with regard to the third party witnesses identified above.

3    NOW THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE as follows:

4    1.    Claimant will not call Carl Petrillo, Carl Petrillo, Jr., Gregory Petrillo, Renate

5    Elwell, Alan Elwell, Sean Elwell, Ian Elwell, John Kisseberth, Laurie Bernstein, Jay Dunn,

6    Michael McGowan, Kayce Fried, Claimant's step mother, Lisa Chajet or Victoria Johnson as

7    witnesses at the arbitration hearing.

8    2.    Claimant will not introduce into evidence any statements or actions by any of

9    these individuals at the arbitration hearing.

10    3.    Respondents will not depose Carl Petrillo, Carl Petrillo, Jr., Gregory Petrillo,

11    Renate Elwell, Alan Elwell, Sean Elwell, Ian Elwell, John Kisseberth, Laurie Bernstein, Jay

12    Dunn, Michael McGowan, Kayce Fried, Claimant's step mother, Lisa Chajet or Victoria Johnson

13    in this action.

14    SO STIPULATED.

15    Dated: March 21, 2007          WILSON SONSINI GOODRICH & ROSATI
                                     Professional Corporation
16

17                                   By: _____
18                                        Marina C. Tsatalis

19                                   Attorneys for Respondents

20                                   GOOGLE INC. and
                                     TIMOTHY ARMSTRONG
21
     Dated: March 9, 2007            SULLIVAN & WORCESTER LLP
22

23                                   By: _____
                                          Joshua Solomon
24

25                                   Attorneys for Claimant
                                     CHRISTINA ELWELL

26

27

28

STIPULATION REGARDING EXCLUSION OF WITNESSES AND EVIDENCE