# Exhibit D

# Catherine Harris, Esq.
Arbitrator • Mediator

August 4, 2006

MARINA C. TSATALIS, Esq.
GARY M. GANSLE, Esq.
Wilson, Sonsini, Goodrich & Rosati         **VIA FACSIMILE ONLY**
650 Page Mill Road
Palo Alto, CA 94304-1050
FAX: (650) 493-6811

ILENE ROBINSON SUNSHINE, Esq.
JOSHUA L. SOLOMON, Esq.
Sullivan & Worchester LLP
One Post Office Square
Boston, MA 02109
FAX: (617) 338-2880                Re: Elwell and Google, Inc et al.
                                   Case No. 74 160 00200 06

Dear Counsel:

    I am in receipt of Respondent's facsimile dated August 3, 2006 notifying the arbitrator that a key witness would not be available for some period of time which overlaps with the tentative trial dates of June 18, 19, 20, 21, 22, 25, and 26, 2007, as well as Respondent's deposition subpoena and request for documents. I have also received Claimant's facsimile dated August 4, 2006 which includes a copy of a letter from Ms. Sunshine to Ms. Tsatalis.

*The Tentative Scheduling Order*

    Let me begin by reviewing the outcome of our second telephonic management conference which took place on August 1, 2006. After reviewing both parties' proposed discovery plans, the arbitrator with the full participation of both parties established the following tentative schedule of case events:

| | |
|---|---|
| 11/30/06 | Discovery Cutoff (all depositions completed and responses to discovery supplied to opposing party) |
| 12/15/06 | Last Day for Filing Discovery Motions |
| 12/29/06 | Due Date for Filing Opposition to Discovery Motions |

The parties agreed to waive replies in the interest of moving the case forward in a timely fashion; however, let me emphasize that either party would be permitted to request permission to file a



MARINA C. TSATALIS, Esq.
GARY M. GANSLE, Esq.
ILENE ROBINSON SUNSHINE, Esq.
JOSHUA L. SOLOMON, Esq.
Page Two
August 4, 2006

reply for good cause shown, e.g., to meet a new issue which the party could not possibly have anticipated. I explained that it is my practice to issue a tentative ruling by facsimile (I indicated that you could expect a ruling on January 10, 2007, i.e., less than a week after my return from Europe for the holidays). I also indicated that with respect to all motions (not just discovery motions), either party would be permitted to request a telephonic hearing to contest the tentative ruling and we agreed to hold that hearing, if necessary, by January 12, 2007 or as soon thereafter as our respective schedules could be coordinated.

During the conference call, Ms. Tsatalis expressed the concern that if additional discovery were ordered by the arbitrator pursuant to discovery motions, this would compress the schedule and impair her ability to prepare a motion for summary judgment. She was assured by the arbitrator that any scheduling order would always be subject to modification by the arbitrator for good cause shown. Additionally, the parties assured the arbitrator that they were prepared to schedule depositions conveniently so as to eliminate the need to criss-cross the country on multiple trips to take depositions *seriatim*.

We also established the following schedule for the hearing of any dispositive motions, if any:

| | |
|---|---|
| 2/28/07 | Last Day to File Dispositive Motions |
| 3/28/07 | Last Day to Respond to Dispositive Motions |
| 4/11/07 | Last Day to Reply |

The arbitrator indicated that the same procedure regarding tentative rulings would apply and that any hearing to contest the tentative ruling would be held on April 18, 2007, or as soon thereafter as our schedules could be coordinated.

The following schedule was also developed regarding expert witnesses if any:

| | |
|---|---|
| 4/25/07 | Identification of Experts |
| 5/11/07 | Exchange of Expert Reports and Exhibits |
| 6/1/07 | Last Day to Depose Experts |

Finally, the date of **May 18, 2006** was selected as the date for exchange of witness lists and copies of documents (witnesses and documents which each party intends to present as part of its

MARINA C. TSATALIS, Esq.
GARY M. GANSLE, Esq.
ILENE ROBINSON SUNSHINE, Esq.
JOSHUA L. SOLOMON, Esq.
Page Three
August 4, 2006

case in chief). Although not expressly stated during the conference, all deadlines for transmitting documents to the opposing party or to the arbitrator are mailing dates.

*Applicability of a Tentative Scheduling Order*

During the management conference, Respondent's counsel emphasized that she was not able to commit to the above-referenced scheduling plan until she consulted with her client and witnesses regarding availability during the summer. Thus, it was agreed that the scheduling order would not be finalized until she confirmed the availability of her witnesses. We then had a discussion about whether the case could move forward prior to issuance of the scheduling order. The arbitrator told the parties that while she encouraged them to cooperate in the discovery process that no party would be obliged to initiate the discovery process until we had a final schedule in place. For this reason, I was surprised that after notifying me that Respondent was unable to commit to the scheduling order, Respondent now seeks to initiate the Claimant's deposition and production of documents (at a New York location). Having reviewed Ms. Sunshine's letter, it would appear that a subpoena is not necessary.

*The Question of What Rules Govern Procedural Issues*

During both our first and second management calls, the issue of what rules govern the conduct of the arbitration was raised by the parties. Respondent contends that the California Rules of Civil Procedure control whereas Claimant has invoked the AAA's National Rules for the Resolution of Employment Disputes. I want to make clear that, to date, I have not issued a ruling on this issue. Now, I have been advised by Respondent that it will seek a judicial interpretation of the employment agreement as a means of resolving this issue. Based on my preliminary review of the employment agreement, it appears that circumstances under which Respondent may seek a court order during the pendency of the arbitration are limited by Section 10 (b) to alleged violations of Sections 2 (Confidential Documents), 3 (Inventions) and 5 (Company Documents) and that this issue would involve arbitral interpretation of Section 10 (a) which references "the rules then in effect of the American Arbitration Association" and Section 11 which states that "[T]his Agreement will be governed by the laws of the State of California." I find no specific reference to the California Code of Civil Procedure. In any event, should Respondent wish to pursue a court order during the pendency of the arbitration, this would not derail or delay the arbitration process. Unless and until the arbitrator receives a court order staying the arbitration proceeding, the arbitration will proceed as ordered by United States District Judge Denise Cote and in accordance with the notice of hearing and scheduling order which will be issued shortly.

MARINA C. TSATALIS, Esq.
GARY M. GANSLE, Esq.
ILENE ROBINSON SUNSHINE, Esq.
JOSHUA L. SOLOMON, Esq.
Page Four
August 4, 2006

*Agreement as to New Trial Dates*

Based on correspondence between the parties, there is now mutual agreement as to trial dates: **July 26, 27, 28, 29, 30 and August 2 and 3, 2007 beginning at 10:00 a.m. at the AAA Office in San Francisco, CA.** I also wish to confirm that while the employment agreement calls for the hearing to be conducted in Santa Clara County, the arbitrator encouraged the parties, and the parties agreed, to hold the hearing on neutral turf, i.e., the AAA office in San Francisco, which is easily accessible by BART for all parties and witnesses.

*The Final Scheduling Order*

I am therefore requesting that Mr. Ibarra issue a formal notice of hearing and scheduling order to reflect all of the dates established during our telephonic management conference (as the tentative scheduling order) except for the substitution of the new trial dates. I am also asking Mr. Ibarra to include as part of the scheduling order the following two items:

1) Any motion to amend the Demand for Arbitration or to assert a counterclaim may be made by the parties in accord with Rule 5.

2) The parties agree on the need for a court reporter at the arbitration hearing and agree to split the cost of an original plus two copies of the transcript.

The final scheduling order will remain in force and effect unless modified by the arbitrator for good cause shown.

Very truly yours,
CATHERINE HARRIS, Esq.
Arbitrator• Mediator

By: _____
CATHERINE HARRIS

cc: Jose Ibarra, Case Manager
CH/rc