# Exhibit E



650 Page Mill Road
Palo Alto, CA 94304-1050
PHONE 650.493.9300
FAX 650.493.6811
www.wsgr.com

**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION        August 3, 2006

*Via Facsimile*

Arbitrator Catherine Harris
5960 South Land Park Drive, Suite 255
Sacramento, CA 95822-331

    Re:   **Elwell v. Google Inc. and Timothy Armstrong**
            Case No. 74 160 00200 06 JOIB

Dear Arbitrator Harris:

    During our telephone conference on August 1, 2006, Ms. Sunshine stated several times that she is anxious to proceed with discovery in the case and pushed for an early hearing date. I asked twice at the end of our call whether the scheduling order would be in effect immediately, and understood from your responses that you saw no reason why the parties could not commence discovery before the actual issuance of scheduling order. I believe that you advised the parties to let their consciences be their guide. With that in mind, and given Claimant's stated desire to start discovery right away, we served a Deposition Notice for Claimant's deposition with Document Requests attached pursuant to C.C.P. section 2025.280(a). The deposition was timely scheduled pursuant to C.C.P. section 2025.270(a).

    In response, Ms. Sunshine advised me that: 1) she refuses to recognize our discovery requests since discovery has not technically opened; 2) Claimant is purportedly unavailable for deposition on the date that we chose, without offering any explanation or alternative dates; 3) she will not respond to our Document Requests in less than 30 days despite the provisions of the California Code of Civil Procedure that require a party to attend deposition as well as produce any documents or tangible things for inspection and copying at the deposition (C.C.P. section 2025.280(a)); and, 4) she does not believe that the California Code of Civil Procedure applies to this case despite the clear language of the applicable Arbitration Agreement, the Court's order compelling Claimant to arbitrate pursuant to that Agreement, and our discussion during our first conference call on July 7, 2006 in which I confirmed that the California procedural rules would govern this case.

    Given Claimant's refusal to recognize and comply with California law, we cannot proceed to arbitrate this case without another ruling reinforcing the fact that the California Code of Civil Procedure applies to this case. We intend to file a motion with the court with regard to this issue. It is impossible to proceed with discovery without clarification of the governing rules.

    I also would like to point out the striking and disappointing inconsistency in Claimant's counsel's representations during our conference call and her actions thereafter. During the call, she demanded an expedited schedule and repeated several

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Arbitrator Catherine Harris
August 3, 2006
Page 2

times her desire to move forward with discovery immediately. On the heels of that call, she refused to produce her client for deposition without explanation, failed to provide any new dates, thereby delaying the deposition further, and refused to produce documents in less than 30 days contrary to California law. While I would prefer not to begin the case on a low note, I feel that it was important that you have this information as you finalize the case schedule. Given the fact that we are already sidetracked by an unnecessary dispute over the clear applicability of the Code of Civil Procedure to this matter, and Claimant's counsel's resistance to our efforts to proceed with discovery expeditiously, we are very concerned about the case schedule that was discussed.

I also write to inform you that I have checked with my clients and the proposed June dates for the arbitration are not workable because one of our key witnesses is scheduled to be in Europe during that entire period. We can provide proof of the prior commitment to you if necessary. Given the issues described above, it is impossible to schedule the hearing for an earlier date. In order to facilitate finalizing the case schedule, I have confirmed my clients' availability from July 26, 2006 through August 3, 2006. However, even those dates seem overly ambitious given the difficulties we have encountered on our very first attempt to obtain discovery from Claimant. We respectfully request that you refrain from issuing the case schedule until there is a ruling from the court on the applicability of the California Code of Civil Procedure. We would like to revisit the case schedule at that time.

Thanks you for your attention to these issues.

Very truly yours,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

M C Tsatalis / sfh

Marina C. Tsatalis

cc:    Ilene Sunshine, Esq. (via facsimile)
       Mr. Jose Ibarra (via facsimile)