# Exhibit F



**SULLIVAN & WORCESTER**

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2800
F 617 338 2880
www.sandw.com

August 23, 2006

**By Fax and Mail**

Marina C. Tsatalis, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050

Re:   <u>Christina Elwell v. Google, Inc. et al.</u>

Dear Ms. Tsatalis:

This letter follows the telephone call that Josh Solomon and I attempted to have with you this afternoon regarding possible modifications to the tentative scheduling order necessitated by Ms. Elwell's medical condition. I am sorry that you ended the call before we were able to discuss actual date changes.

As I told you, Ms. Elwell's doctor has said that she can be available for her deposition during the week of November 6, 2006. We are amenable to having both sides propound written discovery prior to that time. The disagreement that you believe requires yet another conference call with the Arbitrator involves whether either side may conduct <u>any</u> other depositions before Ms. Elwell's. We fully respect any concern over possible unfairness that might result if Ms. Elwell were given free rein to conclude all of her depositions before sitting for her own. We were not proposing that this occur, and were attempting instead to discuss a reasonable solution to this issue when you hung up. Had you remained on the phone, we would have made clear that we are proposing a stay on depositions for <u>some</u> period of time between now and November 6, but not the entire time. We also were intending to propose adding several months of discovery time after Ms. Elwell's deposition to address your concern that that event would necessitate other depositions that you could not currently foresee. Had we concluded our discussion, I suspect that the only area of disagreement would have been whether at least some other depositions can be taken between now and November 6. That is a point that we easily could address in our written submissions to the Arbitrator this Friday; we do not need to take up any of her time with additional conference calls.

In our conference call with the Arbitrator on November 21, your insistence that Ms. Elwell be deposed before any other individual (regardless of how central the deponent might be to the case) was based on what you claimed was a CCP provision "staying" a plaintiff's discovery for some period of time. As it turned out, the Arbitrator's ruling that the CCP does not apply in its entirety obviated the need for us to point out that there actually is no such CCP provision, and no other "public policy" of California that subordinates a plaintiff's right to conduct discovery to a defendant's right.

Marina C. Tsatalis, Esq.
Page 2
August 23, 2006

Apart from your plain desire to depose Ms. Elwell before any other witness appears, there also does not appear to be any actual prejudice to your clients if at least some other depositions occurred first. This is manifest by your own actions over the past few weeks. In that regard, although you claimed to the Arbitrator that you would effectively be impeded from defending this case at all unless Ms. Elwell were deposed first, you already have sent me three separate deposition notices and/or requests for the deposition of Ms. Elwell's husband, and have told me that you intend to proceed with his deposition despite Ms. Elwell's unavailability. As you know, the scheduling of Mr. Elwell's deposition was put on the back burner after you requested for a second time that the Arbitrator stay this entire proceeding while you continued to press her to rule on the applicability of the CCP.

We are perfectly willing to discuss some initial deposition schedule that would help expedite this case while maintaining a level playing field for both sides. An absolute stay on all depositions until Ms. Elwell can appear does not seem necessary to achieve that goal. We are trying to communicate with you in the spirit of reaching some compromise. However, as in several instances already, your inability to have things exactly as you want them has resulted in your refusal to negotiate and, instead, to demand more of the Arbitrator's time on matters that she clearly wants the parties to work out among themselves.

We remain willing to discuss this matter with you. We also are prepared to propose a revised discovery schedule if and when you are willing to talk to us.

Very truly yours,

Ilene Robinson Sunshine

Direct line: 617 338 2928
isunshine@sandw.com

cc: Joshua L. Solomon, Esq.

{B0548470; 1}