UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
CHRISTINA ELWELL,

            Plaintiff,

  -against-

GOOGLE, INC. and TIMOTHY ARMSTRONG,

            Defendants.
------------------------------------------------------------- x

05-CV-06487 (DLC) (JCF)

ECF CASE

## SUPPLEMENTAL DECLARATION OF JOSHUA L. SOLOMON IN SUPPORT OF PLAINTIFF'S MOTION TO LIFT LITIGATION STAY

1.  I am an associate with the law firm of Sullivan & Worcester LLP, counsel to plaintiff, Christina Elwell ("Elwell"), in the above-captioned matter. I offer this supplemental declaration in support of plaintiff's motion to lift the litigation stay currently in place in this action.

2.  On April 19, 2007, Elwell filed a motion to lift the stay of litigation currently in place in this case. Along with that motion, Elwell filed a declaration from me, which provided exhibits on which Elwell's motion relied. One of those exhibits – Exhibit C – was produced by defendant Google, Inc. during the pending arbitration between Elwell and Defendants with a "confidential" designation. Under a protective order issued by the arbitrator, this "confidential" designation prohibited Elwell from filing Exhibit C with this Court prior to requesting leave to file it under seal. As a result, and so as not to violate the arbitrator's protective order, Elwell withheld Exhibit C from the version of my declaration that she filed on April 19, 2007. She also filed a motion requesting leave to file Exhibit C under seal.

3.      Subsequent to Elwell's motion seeking to permit the filing of Exhibit C under seal, I was informed by my colleague, Ilene Robinson Sunshine, that a clerk of this Court suggested to her that the parties either agree to file Exhibit C in the public record or designate only those particular words that must be treated as confidential.

4.      Ms. Sunshine informed Defendants' counsel of this suggestion. In response, Defendants' counsel identified particular words that should be treated as confidential and filed under seal. Elwell is thus filing an amended motion to permit the filing of Exhibit C under seal, which seeks to have only the words identified by Defendants' counsel sealed.

5.      Attached hereto as <u>Exhibit 1</u> is a true and accurate redacted copy of Exhibit C to my April 19, 2007 Declaration, which omits those portions of the exhibit that Elwell is seeking to have filed under seal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 2, 2007.

s/ Joshua L. Solomon<br>Joshua L. Solomon

# EXHIBIT 1

# Exhibit C

REDACTED

Subject: Elwell letter
From: "Charlie Gray" <cgray@google.com>
Date: Fri, 18 Jun 2004 09:56:37 -0400
To: "'Shona L. Brown'" <shona@google.com>
CC: "'Kristi Poole '" <kpoole@google.com>, "'Stacy Sullivan'" <stacy@google.com>, "'Omid Kordestani'" <omid@google.com>

Here is the written offer to Christina Elwell. I kept it short and sweet. I have 2 remaining questions:

One - She will not make a decision about this without knowing what the alternative would be. I have not spelled out the package in this letter because I believe that was not my instruction - and I can simply tell her verbally and follow up with a separate document with all separation clauses included. Let me know if any of you feels this should be a single document, presenting her choices clearly.

Two - Shona - you were clear that this is final. But before I actually deliver this message to Elwell, I have to ask one last thing; please bear with me on this. I want the right outcome for the sales team, and that is not to have her return to the company - I greatly worry that we are incentivizing the wrong decision. I would strongly prefer that the alternative package be           - and here are 3 strong reasons for that:

1) It is consistent with            - which I thought was part of the point about this change of plan (I understand we are            but that is subject to interpretation)
2) It will cover the full length of her term (she is due end of November) - otherwise, the fact that            before the end of her pregnancy will be extremely hard for her to accept - and at the very least will drag this out further and will almost certainly cause her to then reach out to Eric, Omid, you or others before she feels this situation is truly resolved (or she might just go legal on us)
3) the            package could quite likely lead to the wrong decision here - and she will decide to accept the position and return to the company purely for financial reasons. This would be a horrific result - we would have a            who is more interested in the group's failure than its success - we would have a            whose strong leadership would be transformed into a joke - we would have many people in manager/director roles extremely uncomfortable and unhappy about this - and we will appear to have done exactly that which we have been directed to avoid, that is, "reward bad behavior". I know Eric is concerned about the precedent that would be set with an            package in this situation - but that would only be known by a handful of us - the precedent set by Christina's return would be quite public and damaging in ways we can't even anticipate.

I fully realize that the decision is not yours to make - but as the person who will actually deliver this message to Elwell and as a member of the teams (both HR and Sales) who will deal with all the ramifications of her decision, I have to ask this before I proceed. I am ready, either way.

Thanks


Charlie Gray
Head of Staffing and HR
Advertising Sales
Google
212-994-4896 direct
212-937-2110 fax
cgray@google.com
www.google.com

CONFIDENTIAL

G0441

| | |
|---|---|
| Elwell offer letter.doc | Content-Type: application/msword<br>Content-Encoding: base64 |
| Revenue Operations job description.doc | Content-Type: application/msword<br>Content-Encoding: base64 |

CONFIDENTIAL

G0442

**REDACTED**

Christina Elwell

June 18, 2004

New York, NY

Dear Christina:

This is a formal and final offer to accept the position of [...] (position description attached), which was described to you by Tim Armstrong on June 2nd, 2004. In this role, you would report to Tim Armstrong, the Vice President of North American Advertising Sales, and your main responsibility would be execution of.

You base salary would remain the same, subject to periodic review, and your Target Annual Earning will equal of your base salary, based on the company's current sales compensation structure. Additionally, as a full-time regular employee of Google, you will continue to be eligible for health care and other related employee benefits.

Please understand that this letter does not constitute a contract of employment for any specific period of time, but will continue an "employment at will" relationship. Your signature at the end of this letter confirms that no promises or agreements that are contrary to our at-will relationship have been committed to you during any of your discussions with Google, and that this letter contains our complete agreement regarding the terms and conditions of your employment. Our signature on this letter also confirms our mutual agreement to binding arbitration, as defined under the California Arbitration Act.

We look forward to an early acceptance of this offer. This offer will remain open for 5 (five) business days following your receipt of this letter and will be effective immediately upon acceptance. To indicate your acceptance of Google's offer, please sign and date the enclosed original and return it to the attention of Human Resources. A duplicate original is enclosed for your record.

If you have any questions, please direct them to Human Resources.

Sincerely,


Omid Kordestani
Sr. VP of Worldwide Sales
Google Inc.


I accept this offer of employment with Google and agree to the terms and conditions outlined in this letter.

_____          _____
Christina Elwell                 Date

CONFIDENTIAL

G0443

REDACTED

main responsibility is to drive execution of sales and employee related activity. The position requires the ability to communicate and implement operational excellence across all sales teams in North America – Direct and Inside. The revenue operations group leader will possess strong understanding of the people, processes, and execution issues. Google is a matrix organization of smart, communicative, and driven employees and this position requires support from all internal teams, as well as the entire customer base. The position requires the ability to drive all Google groups to be compliant with Google standardized practices and training. The leader of revenue operations must be committed to improving every aspect of Google's sales efforts, customer relations, and employee satisfaction.

**Responsibilities:**

CONFIDENTIAL

G0444