UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
CHRISTINA ELWELL,

            Plaintiff,

   -against-

GOOGLE, INC. and TIMOTHY ARMSTRONG,

            Defendants.

---------------------------------------------------------------- x

05-CV-06487 (DLC) (JCF)

ECF CASE

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF AMENDED MOTION TO FILE A DOCUMENT UNDER SEAL

Plaintiff Christina Elwell ("Elwell") respectfully submits this amended motion to file a document under seal. This amended motion supercedes Elwell's April 19, 2007 Motion to File a Document Under Seal. Through this amended motion, Elwell respectfully requests that the Court order that the unredacted version of Exhibit C to the Declaration of Joshua L. Solomon in Support of Plaintiff's Motion to Lift Litigation Stay (the "Solomon Declaration") be filed under seal. A redacted version of Exhibit C, which omits only those words and phrases for which Defendants have requested protection, is attached to the Supplemental Declaration of Joshua L. Solomon filed herewith (the "Supplemental Solomon Declaration").

The parties to this action are currently engaged in arbitration, which this Court ordered in response to a motion to compel arbitration filed by defendants Google, Inc. ("Google") and Timothy Armstrong. In the course of that arbitration, the arbitrator issued a protective order. A copy of that protective order is attached as <u>Exhibit A</u> hereto. The protective order permits the parties to designate as confidential certain types of documents produced during discovery in the

arbitration. Among other restrictions, the protective order prohibits the party receiving confidential documents from filing such documents in court without first seeking permission to file the documents under seal. Specifically, paragraph 8 of the protective order reads, in relevant part, as follows:

> To the extent that a party files and/or lodges [Confidential] material with any Court, it, he, or she shall file and/or lodge the material designated "Confidential" under seal, in accordance with the procedures applicable in that Court, unless the Court refuses to permit such material to be filed and/or lodged under seal.

On April 19, 2007, Elwell filed a motion to lift the stay of litigation currently in place in this action. In support of her motion to lift the stay, Elwell filed the Solomon Declaration, to which were appended exhibits on which Elwell relies in support of her motion to lift the stay. One of those exhibits – Exhibit C – was produced by Google during the arbitration with a "confidential" designation.

According to the protective order, Elwell was thus prohibited from filing Exhibit C with this Court prior to seeking permission to file that document under seal. As a result, and so as not to violate the arbitrator's protective order, Elwell withheld Exhibit C from the version of the Solomon Declaration that she filed. Elwell simultaneously filed a motion requesting that the Court issue an order directing that Exhibit C to the Solomon Declaration be filed under seal.

After bringing her motion to permit the filing of Exhibit C under seal, Elwell's counsel received a call from a clerk of this Court, suggesting that the parties either agree to permit the filing of Exhibit C in the public record or narrow the request for sealing by identifying only the specific words that should be filed under seal. Elwell's counsel informed Defendants' counsel of the Court's request. Defendants' counsel responded by identifying words and phrases that Defendants would like shielded from the public record. Thus, through this amended motion, Elwell respectfully requests that the Court issue an order permitting Elwell to file the full,

unredacted version of Exhibit C under seal. In the meantime, Elwell is filing with the Supplemental Solomon Declaration a redacted version of Exhibit C, which omits the words and phrases identified by Defendants' counsel.

Dated: May 2, 2007

                CHRISTINA ELWELL,

                By her attorneys,

                s/ Joshua L. Solomon
                Ira K. Gross (IG 6834)
                Ilene Robinson Sunshine (IS 2935), *pro hac vice*
                Barry S. Pollack (BP 4039)
                Joshua L. Solomon (JS 5848), *pro hac vice*
                SULLIVAN & WORCESTER LLP
                One Post Office Square
                Boston, MA 02109
                (617) 338-2800 (phone)
                (617) 338-2880 (fax)
                igross@sandw.com
                isunshine@sandw.com
                bpollack@sandw.com
                jsolomon@sandw.com

# EXHIBIT A

FRED W. ALVAREZ, State Bar No. 068115
MARINA C. TSATALIS, State Bar No. 178897
GARY M. GANSLE, State Bar No. 200755
KORAY J. BULUT, State Bar No. 230298
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Respondents
GOOGLE INC. AND TIM ARMSTRONG

AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| CHRISTINA ELWELL,<br>Claimant,<br><br>v.<br><br>GOOGLE, INC. and<br>TIMOTHY ARMSTRONG<br>Respondents. | Case No. 74 160 00200 06 JOIB<br><br>**STIPULATION AND PROTECTIVE ORDER** |

Each party recognizes that documents and information that will be produced in this action may include protectible trade secrets, confidential, private and/or proprietary technical, commercial, business, personnel and/or financial information. To preserve the confidentiality of such information, each party, through their respective counsel of record, agrees as follows, subject to the approval of the Arbitrator:

1.  Any information or materials produced by any party or nonparty as part of discovery in this action may be designated by any party or nonparty as "Confidential" pursuant to the terms of this Protective Order.

{B0564667; 6}

2.  A party to this action, and any non-party from whom discovery is sought in connection with this action (collectively, the "producing party"), may designate as "Confidential" any information or materials that the producing party reasonably and in good faith believes contain information that the producing party, in the ordinary course of business or conducting personal medical or financial affairs, does not or would not publicly disclose, or information that the producing party is under a preexisting obligation to maintain as confidential. Designations of "Confidential" shall be made selectively, judiciously and in good faith. A designation of "Confidential" constitutes a representation that such material has been reviewed by an attorney and that there is a valid basis for such a designation. Absent a specific order by the Arbitrator or consent of the designating party, once designated as "Confidential," such designated information shall be used by the parties and their counsel solely in connection with this arbitration, and any litigation arising directly from this arbitration or the civil action captioned Elwell v. Google, Inc. and Armstrong, 05-CV-06487 (DLC) (S.D.N.Y) (collectively, the "Arbitration"), and not for any other purpose or function, or any other litigation, and such information shall not be disclosed to anyone except as provided herein.

3.  The designation of information or materials as "Confidential" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

    (a)  in the case of documents, exhibits, briefs, memoranda, declarations, responses to written discovery or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "Confidential" to each page containing any confidential information or material at the time such documents are produced or such information is disclosed; as soon thereafter as the designating party becomes aware of the confidential nature of

the information or material disclosed and sought to be protected hereunder; or, with respect to documents that were produced in this Arbitration prior to the entry of this Protective Order, promptly after the Order is entered. Provided, however, that no liability or sanctions shall arise or be imposed for any disclosure by the receiving party before such post-production designation to those not authorized to view the materials under the Order after such post-production designation.

(b)   in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" hereunder; or (ii) by written notice of such designation sent by counsel to all parties within thirty (30) days after the mailing (via overnight mail) to counsel of the transcript of the deposition. During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed "Confidential." The parties shall treat all deposition and other pretrial and trial testimony as "Confidential" hereunder until the expiration of thirty (30) days after the mailing (via overnight mail) to counsel of the transcript of the testimony. Unless so designated, any confidentiality is waived after the expiration of the 30-day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Arbitrator. If any document or information designated as "Confidential" is used during the course of a deposition, that portion of the deposition record reflecting such confidential

information shall be stamped and treated as confidential, and access thereto shall be limited pursuant to the terms of this Protective Order.

(c) With respect to any testimony elicited during any deposition, whenever counsel for any party believes in good faith that any question or line of questioning calls for or has resulted in disclosure of information that should be treated as "Confidential" and any person is in attendance at the deposition who is not a person to whom disclosure of such information is permitted pursuant to this Order, and such person is not the witness being examined, such person shall be excluded from those portions of the proceeding during which disclosure of the information designated "Confidential" occurs.

4. Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) any authors or recipients of the Confidential Information, excluding any unauthorized recipients;

(b) parties to this action, including any officer, director, employee, or spouse of a party (including in-house counsel) to the extent deemed necessary by any party's counsel for the prosecution or defense of the Arbitration;

(c) the parties' respective outside counsel of record in this action and regular and temporary employees of such counsel to the extent deemed necessary by any party's counsel for the prosecution or defense of the Arbitration;

(d) consultants as defined in Paragraph 5 herein and subject to and conditioned upon compliance with Paragraph 6 herein;

(e) the Arbitrator, those employed by the Arbitrator, and employees of the American Arbitration Association, pursuant to Paragraph 8 herein;

(f) professional vendors, including, but not limited to, court reporters, videographers, document reproduction and imaging vendors, and their respective employees, to whom disclosure is reasonably necessary for the Arbitration and who have agreed to be bound by and comply with this Protective Order;

(g) third party contractors, including their employees and agents, involved solely in one or more aspects of design services for preparation of demonstrative exhibits, organizing, filing, copying, coding, converting, sorting, translating, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system;

(h) non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 6 herein;

(i) witnesses during the course of providing their testimony at deposition or at the arbitration hearing and/or trial in connection with the Arbitration, subject to any restrictions imposed by the Arbitrator and/or Court subject to and conditioned upon compliance with Paragraph 6 herein; and

(j) any other person only upon order of the Arbitrator or upon written consent of the party who has designated the confidential information or material.

5. For purposes of Paragraph 4(d) herein, a "consultant" shall be defined as a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

6. All persons listed in Paragraphs 4 (b), 4(d), 4(e), 4(f), 4(g), 4(h) and 4(i) above may be given access to information or material designated as "Confidential" only after they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

7. Notwithstanding Paragraph 4 herein, material designated as "Confidential" also may be shown at a deposition to non-party deponents and to their respective counsel, and may be marked as exhibits to depositions, provided that all of the following three conditions are satisfied:

(a) Material designated as "Confidential" shall not be attached to any copies of deposition transcripts provided to non-party deponents (except witnesses, experts, and consultants authorized to receive such materials pursuant to this Order); and

(b) Material designated as "Confidential" shall not be shown to a non-party deponent unless the party showing such material to the non-party deponent believes in good faith that (i) such witness has specific information regarding the material or events reflected in the material, (ii) that the material would refresh the recollection of the witness regarding the material or events as to which the witness has specific information, or (iii) disclosure is necessary for a full and complete examination of the witness.

8. Any party or person filing with the Arbitrator material that has been designated as "Confidential" pursuant to this Order, including pleadings, motions, briefs, discovery responses, transcripts or depositions, shall, at the time of filing, alert the Arbitrator to the fact that the material contains confidential information. To the extent that a party files and/or lodges such material with any Court, it, he, or she shall file and/or lodge the material designated

"Confidential" under seal, in accordance with the procedures applicable in that Court, unless the Court refuses to permit such material to be filed and/or lodged under seal.

9. No party shall be obligated to challenge the propriety of the designation of any material as "Confidential," and a failure to do so shall not preclude any subsequent objection to such designation or motion to seek permission to disclose such material or the information contained therein to persons not identified in this Order, or from otherwise modifying the provisions of this Order.

10. A party may challenge another party's designation of information or materials produced herein as "Confidential" by serving a written objection upon the designating party. The designating party shall notify the challenging party in writing whether the designating party intends to maintain the designation and, if so, of the bases for the asserted designation, within ten (10) business days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) business days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to the Arbitrator, requesting that the materials at issue be excluded from the provisions of this Protective Order. The objecting party shall bear the burden of establishing that the designation is inappropriate by a preponderance of the evidence. Until a dispute over the asserted designation is finally resolved by the parties or the Arbitrator, all parties and persons shall treat the information or materials in question as designated as "Confidential," so long as the objecting party makes its application to the Arbitrator within five (5) business days of the conference called for in this paragraph.

{B0564667; 6}

- 7 -

11. All counsel for the parties who have access to information or material designated as "Confidential" under this Protective Order acknowledge that they are bound by this Order and submit to the jurisdiction of the Arbitrator for purposes of enforcing this Order.

12. Entering into, agreeing to, producing or receiving information or material designated as "Confidential" under, and/or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any party that any particular information or material designated as "Confidential" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of private or confidential information;

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential";

(c) prejudice in any way the rights of the parties to object to the production of documents or the giving of testimony that they consider not subject to discovery;

(d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e) prejudice in any way the rights of a party to seek a determination by the Arbitrator whether any information or material should be subject to the terms of this Protective Order;

(f) prejudice in any way the rights of a party to petition the Arbitrator for a further protective order relating to any purportedly confidential information; or

(g) prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

13. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" obtained lawfully by such party independently of any proceedings in this action, or which:

(a) was already known to such party by lawful means prior to acquisition from, or disclosure by, another party in this action;

(b) is or becomes publicly known through no fault or act of such party; or

(c) is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

14. In the event that disclosure of materials or information in the possession or control of a party involves the confidentiality rights of a non party or its disclosure would violate a Protective Order issued in another action, the party with possession or control of the information will attempt in good faith to obtain the necessary consents to disclose the information under this Order. If the necessary consents cannot be obtained, the party will notify the party seeking discovery of: (a) the existence of the information without producing such information and; (b) the identity of any non- parties whose consent is required (provided, however, that such disclosure would not itself violate any confidentiality obligations). The party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

{B0564667; 6}

- 9 -

15. If a party inadvertently produces "Confidential" information without marking it as such, it may be disclosed to others and used for any purpose until the receiving party becomes aware of the error. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document or material that it distributed or disclosed to persons not authorized to access such information by Paragraph 4 above, as well as any copies made by such persons and must discontinue any impermissible use of the information.

16. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

17. It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Arbitrator on notice to the other parties hereto and to any nonparty which has disclosed information in reliance on this Protective Order, for good cause.

18. The parties agree to be bound by the terms of this Protective Order pending its entry by the Arbitrator, or pending the entry of an alternative thereto which is satisfactory to all parties and affected nonparties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Arbitrator.

19. The provisions of this Protective Order shall, absent written permission of the designating party or further order of the Arbitrator, continue to be binding throughout and after the conclusion of the Arbitration. Unless the Arbitrator orders otherwise, within thirty (30) days

after receiving notice of the entry of an order, judgment or decree finally disposing of the Arbitration, all persons having received information or material designated as "Confidential" hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the designating party or, alternatively, shall destroy such material and provide written certification of such destruction to counsel for the designating party. Notwithstanding the foregoing, the undersigned counsel shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including filed papers, transcripts, and attorney work product that contain information or material designated as "Confidential") provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as "Confidential" contained in such filed papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the designating party. All materials returned to the parties or their counsel by the Arbitrator likewise shall be disposed of in accordance with this paragraph.

20. In the event that any information or material designated as "Confidential" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" through such use. Counsel for the parties shall confer on such procedures as are reasonable and appropriate to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

21. If any party: (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" by someone other than that party, the party shall give prompt actual written

notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material "Confidential," shall furnish the producing party with a copy of said subpoena or other process or order, shall object to its production by setting forth the existence of this Protective Order, and shall reasonably cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected. A party that produced or designated as "Confidential" the material at issue and that wishes to oppose the subpoena or other process shall have the burden of seeking to quash, or otherwise defending against such subpoena, process or order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Arbitrator.

22. Should the Arbitrator or a Court of competent jurisdiction issue any order that contains terms contrary to any of the provisions in this Protective Order after the designating party has a full and fair opportunity to be heard, this Protective Order shall be deemed revised in accordance with such order.

Dated: November 3, 2006

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____
Gary M. Gansle

Attorneys for Respondents
Google Inc. and Timothy Armstrong

Dated: November 3, 2006

SULLIVAN & WORCESTER LLP

By: _____
Ilene R. Sunshine

Attorneys for Claimant
Christina Elwell

**IT IS SO ORDERED.**

Dated: 1/6/06

_____
Arbitrator Catherine Harris

- 13 -

{B0564667;6}

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, the undersigned, _____ (print or type name), hereby acknowledge that I have received a copy of the Protective Order (the "Order") entered on _____, 2004 in the matter entitled *"Christina Elwell v. Google Inc. and Timothy Armstrong,"* Case No. 74 160 00200 06 JOIB, pending before the American Arbitration Association in San Francisco, California. My business/residence address is

_____

_____.

I hereby consent to personal jurisdiction over me by the Arbitrator of the American Arbitration Association for purposes of enforcing the Order. I hereby acknowledge that I have received a copy of the Order, have read and understand the Order, and agree to (1) be bound by all of the provisions thereof, and (2) submit to the jurisdiction of the American Arbitration Association in San Francisco, California for matters relating to this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Agreement was executed on the ____ day of _____, 200_, at _____.

_____

- 14 -

{B0564667; 6}