UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
:
CHRISTINA ELWELL, :
:
        Plaintiff, :
:   05-CV-06487 (DLC) (JCF)
  -against- :
:
GOOGLE, INC. and TIMOTHY :   ECF CASE
ARMSTRONG, :
:
        Defendants. :
:
------------------------------------------------------------------ x

## PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO LIFT THE LITIGATION STAY

Ira K. Gross (IG 6834)
Ilene Robinson Sunshine (IS 2935), *pro hac vice*
Barry S. Pollack (BP 4039)
Joshua L. Solomon (JS 5848), *pro hac vice*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800 (phone)
(617) 338-2880 (fax)
igross@sandw.com
isunshine@sandw.com
bpollack@sandw.com
jsolomon@sandw.com

*Counsel for Plaintiff*

## TABLE OF CONTENTS

Table of Authorities ..................................................................................................ii

I.  Introduction........................................................................................................ 1

II. Argument ........................................................................................................... 2

    A.    Plaintiff's Motion Does Not Seek Reconsideration................................ 2

    B.    Plaintiff Has Preserved Her Right to a Jury Trial and Waived Nothing................. 3

    C.    The Confidentiality Agreement and Its Arbitration Provision Are of Limited Scope. ................................................................................................. 7

III. Conclusion ...................................................................................................... 10

# TABLE OF AUTHORITIES

## Federal Cases

AGCO Corp. v. Anglin, 216 F.3d 589 (7th Cir. 2000) ..........................................................5

Clay v. Buzas, 208 F.R.D. 636 (D. Utah 2002) ...................................................................3

ConnTech Development Co. v. University of Connecticut Education Properties, Inc., 102 F.3d 677 (2d Cir. 1996) ......................................................................................5

Davis v. O'Melveny & Myers, ___ F.3d ___, 2007 WL 1394530 (9th Cir. May 14, 2007) ..............................................................................................1, 8, 9, 10

Herman Miller, Inc. v. Worth Capital, Inc., 173 F.3d 844 (2d Cir. 1999) ..........................5

Opals on Ice Lingerie v. Bodylines Inc., 320 F.3d 362 (2d Cir. 2003) ...............................5

Tray-Wrap, Inc. v. Six L's Packing Co., 984 F.2d 65 (2d Cir. 1993) ..................................4

Velco Chemicals, Inc. v. Oltchim, S.A., No. 99 Civ. 11794 (LMM), 2002 WL 15645 (S.D.N.Y. Jan. 4, 2002) ..................................................................2

## State Cases

Abramson v. Juniper Networks, Inc., 115 Cal. App. 4th 638 (2004) ................1, 6, 7, 8, 10

Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal. 4th 83 (2000) ...........6

## Statutes, Rules and Regulations

Fed. R. Civ. P. 32(a) ............................................................................................................3

Fed. R. Evid. 804(b)(2) ........................................................................................................3

Cal. Civ. Proc. Code § 1281.8(b) .......................................................................................10

## I. INTRODUCTION

Earlier this month, the Ninth Circuit rejected many of the same arguments that Defendants now raise in their opposition to Plaintiff's motion to lift the litigation stay. In <u>Davis v. O'Melveny & Myers</u>, ___ F.3d ___, 2007 WL 1394530 (9th Cir. May 14, 2007), the court found an arbitration provision unconscionable under California law and reversed an order compelling arbitration. As Defendant Google did here, the employer in <u>Davis</u> put in place an arbitration provision, as a "take it or leave it" employment term, that allowed only the employer to seek equitable relief in court. The <u>Davis</u> holding forecloses Defendants' arguments here.

Defendants admit that California law governs whether the arbitration provision in the confidentiality agreement that they required Plaintiff to sign (the "Confidentiality Agreement") applies to this dispute. Opposition at 8-12. Defendants do not dispute that the express terms of the arbitration clause permitted only the employer to seek equitable relief in court, or that Plaintiff was "required" to sign the Confidentiality Agreement according to her offer letter. By arguing that the motion to lift the stay should be construed as a motion for reconsideration, Defendants also effectively concede that Plaintiff previously and timely challenged the applicability of the arbitration provision. <u>Id.</u> at 3-4. Nor do Defendants dispute that when convincing this Court to compel arbitration, they withheld material documents that revealed the actual context of the Confidentiality Agreement. These concessions, and the holdings in <u>Davis</u> and <u>Abramson v. Juniper Networks, Inc.</u>, 115 Cal. App. 4th 638 (2004), demand that the stay of litigation be lifted because the arbitration clause, in its proper context, cannot possibly be saved.

Defendants distort caselaw in their attempt to avoid a jury trial. Many of the cases they cite required parties to litigate, rather than arbitrate. Defendants also cite several cases in which parties *voluntarily* arbitrated, while ignoring that Plaintiff here was *ordered* to arbitrate her claims. They have made essentially a "law of the case" argument, requesting that this Court

follow its prior decision to compel arbitration, while ignoring the change in circumstances that resulted from discovery of materials that they withheld when moving to compel arbitration. With a more complete record, this Court should determine that Plaintiff never entered into a valid and enforceable agreement to arbitrate her discrimination, retaliation, and tort claims.

## II. ARGUMENT

### A. **Plaintiff's Motion Does Not Seek Reconsideration.**

Defendants cannot realistically contend that this Court lacks discretion to lift the stay it imposed in favor of arbitration: "[B]ecause the stay is an interlocutory order, the Court has broad discretion to evaluate changed circumstances since the stay was imposed." Velco Chems., Inc. v. Oltchim, S.A., No. 99 Civ. 11794 (LMM), 2002 WL 15645, at *2 (S.D.N.Y. Jan. 4, 2002) (internal quotation marks omitted). In their opposition, Defendants have not commented on this Court's discretion under Velco Chemicals. Instead, Defendants attempt to depict Plaintiff's motion as a motion for reconsideration. In doing so, Defendants miscomprehend the nature of the motion. Plaintiff does not claim here that this Court failed to consider any particular law or fact as the record then existed. Rather, Plaintiff relies on changed circumstances to justify a lifting of the stay. By inaccurately classifying this motion as one for reconsideration, Defendants simply ignore the fact that they withheld material documents from Plaintiff and this Court in order to obtain an order compelling arbitration.

In support of their argument that this motion is an untimely one for reconsideration, Defendants argue that "Plaintiff does not explain whether she seeks to restart the litigation all over again" and that, were her motion granted, "the untenable result would be that the action would proceed in this Court from this point forward, while simultaneously proceeding in arbitration." Opposition at 3. There is no basis for asserting that the parties would need to "restart" the litigation, and Plaintiff has said nothing to suggest as much. In case it is not

abundantly clear, however, Plaintiff in no way seeks that result. Since all parties participated in the extensive discovery permitted in the arbitration, and since the same claims and issues were involved, all such discovery could be used in this litigation, permitting the case to move rapidly toward summary judgment proceedings upon the lifting of the stay. See, e.g., Fed. R. Civ. P. 32(a); Fed. R. Evid. 804(b)(2); Clay v. Buzas, 208 F.R.D. 636, 638-39 (D. Utah 2002). As for the supposed "untenable result," Plaintiff would agree that the arbitration should be terminated or stayed, once the litigation stay is removed. Nothing prevents this Court from lifting the litigation stay, and then appropriately disposing of the arbitration.

**B.   Plaintiff Has Preserved Her Right to a Jury Trial and Waived Nothing.**

Defendants cannot reconcile their position that Plaintiff has waived her right to challenge arbitration, with their admission that "Plaintiff uses the [previously withheld] documents to reargue the very same argument she made" earlier. Opposition at 3. Defendants nevertheless argue that Plaintiff waived her right to challenge arbitrability by "vigorously participating" in the arbitration. Opposition at 5. Once again, however, Defendants' argument fails to account for the fact that Plaintiff was compelled to arbitrate, and that it was they who withheld – for more than a year after filing their motion to compel arbitration – the very documents that would have avoided arbitration in the first place. While chastising Plaintiff for the timing of this motion, Defendants offer no justification whatsoever for their delay in producing the documents.

For these reasons, Defendants' complaint that Plaintiff "delayed" filing this motion for fifteen months after this Court ordered arbitration rings hollow. Nine of those fifteen months passed before Defendants had produced both documents on which Plaintiff relies. During the remaining six months, Defendants tactically doled out their discovery in pieces, rather than producing all responsive documents with, or around the time of, their responses to Plaintiff's requests. See Decl. of Ilene Robinson Sunshine ¶ 4, filed herewith. As a result, Plaintiff could

never be sure, until discovery was over, whether she had everything that Defendants were required to produce. Indeed, it was not until April 13, 2007, the date the arbitrator ultimately set as the cut-off for all outstanding discovery, that Plaintiff could know that she had received all she was going to get from Defendants. Plaintiff brought this motion within a week of that date.

Particularly given the vague and novel waiver argument that Defendants advance, Plaintiff should be entitled to the benefit of any doubt regarding preservation of her Seventh Amendment jury rights. The Second Circuit has explained: "[T]he right to a jury trial is a fundamental right; and purported waivers are to be scrutinized with the utmost care . . . . [A] waiver is not lightly to be inferred." Tray-Wrap, Inc. v. Six L's Packing Co., 984 F.2d 65, 67-68 (2d Cir. 1993) (internal quotation marks and citations omitted). "The right to a jury trial is too important and the usual procedure for waiver of the right too clearly set out by the Civil Rules for courts to find a knowing and voluntary relinquishment of the right in a doubtful situation." Id. at 69 (internal quotation marks and editing omitted). There is simply no authority to support the argument that Plaintiff waived the right to challenge arbitration by not filing this motion immediately upon receiving the documents that bolstered her prior arguments. This is particularly so in this case, in which Defendants had shown a willingness to purposefully withhold critical documents when those documents could harm their position (as they did when making their motion to compel arbitration), and were tactically doling out their discovery over many months. Defendants' position would suggest that even a party that had made clear her opposition to arbitration must challenge arbitration after learning each and every new fact that could strengthen her argument.

Similarly, nothing Defendants presented in their opposition can support the position that Plaintiff's "vigorous participation" in the arbitration amounts to a waiver. Contrary to

Defendants' characterization of it (Opposition at 4), the Second Circuit's unpublished decision in Herman Miller, Inc. v. Worth Capital, Inc., No. 98-7732, 1999 WL 132183 (2d Cir. Mar. 9, 1999), does not suggest as much. In fact, far from finding a waiver, the court in that opinion affirmed a *refusal* to find a waiver. Furthermore, the published cases on which Herman Miller relied, and numerous other cases, confirm that implied waivers of the right to challenge arbitration will be found only where a party misses an express time limit or "voluntarily" participates in arbitration. See, e.g., id. at *1 (citing ConnTech Development Co. v. Univ. of Conn. Educ. Properties, Inc., 102 F.3d 677, 685 (2d Cir. 1996) (waiver based on participation in arbitration through 45 days of hearings and more than three years of proceedings before party raised argument challenging arbitrability)). There is no voluntary participation when a party has been compelled by a court, over her objection, to arbitrate. In fact, far from establishing that Plaintiff waived her right to a judicial forum, Defendants' authority further supports Plaintiff's position. In Opals on Ice Lingerie v. Bodylines Inc., 320 F.3d 362, 368 (2d Cir. 2003), for example, the Second Circuit found that a party *preserved* its right to challenge arbitration, because it had objected to arbitration, even though "it submitted the issue of arbitrability to the arbitrators, and participated actively in the arbitration." Similarly, in AGCO Corp. v. Anglin, 216 F.3d 589, 593 (7th Cir. 2000), the court found *no waiver* of a right to challenge arbitration, holding that, so long as the party "reserves the right to object to arbitrability, his participation in the arbitration does not preclude him from challenging the arbitrator's authority in court." That Plaintiff's compliance with an order compelling arbitration was "vigorous" does not result in any waiver. A critical fact that Defendants consistently ignore is that the arbitration was brought on not by Plaintiff's conduct, but by their own decision to withhold from the Court information that was essential to an accurate review of their motion to compel arbitration.

In addition to complaining about the timing of this motion generally, Defendants assert that Plaintiff has waived the specific argument concerning unenforceability of the arbitration provision. Opposition at 4-5. Defendants' argument miscomprehends Plaintiff's reliance on such cases as Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83 (2000), and Abramson v. Juniper Networks, Inc., 115 Cal. App. 4th 638 (2004), which demonstrate the validity of Plaintiff's unenforceability argument. Those cases do predate Defendant's motion to compel arbitration. Indeed, Defendants' counsel served as counsel for the employer in the Abramson case, which presumably guided Defendants' decision to withhold from Plaintiff and this Court the very documents that would have demonstrated unconscionability under that case. As explained in detail in Plaintiff's opening brief, however, Abramson requires that an employment arbitration provision be substantively *and* procedurally unconscionable to be declared unenforceable. The offer letter that Defendants withheld during consideration of their motion for arbitration is *the* evidence that reveals that the arbitration provision was a "take it or leave it" provision, and thus procedurally unconscionable under Abramson.

Defendants also argue that Plaintiff's motion has "more to do with forum shopping given recent decisions by the Arbitrator that are unfavorable to Plaintiff," but fail to identify any such decisions. In reality, the only claims that the arbitrator has dismissed are Title VII claims against the individual defendant, Mr. Armstrong. All other claims against Mr. Armstrong, including other discrimination and retaliation claims, and all claims against Google, remain. Plaintiff is not seeking to lift the stay of litigation based on dissatisfaction with the arbitrator's rulings.[1] The

---

[1] Plaintiff's dissatisfaction with the course the arbitration has taken relates to Defendants' excessive and wasteful motion and discovery practices (see Motion to Lift Stay at 15-20). As explained in Plaintiff's opening brief, such litigation-type tactics should constitute a waiver by Defendants of any arbitration rights.

6

present motion simply asserts Plaintiff's Seventh Amendment right to have a jury resolve her claims at a trial, nothing more, nothing less.[2]

Finally, even if Defendants had demonstrated undue delay by Plaintiff, their opposition fails to identify meaningful prejudice that could justify denying Plaintiff's right to a jury. Defendants acknowledge that they obtained substantial discovery in the arbitration, and identify nothing that remains for them in that respect. Indeed, having taken twelve depositions, Defendants may have been permitted more discovery than they would have gotten in litigation. And as mentioned above, the discovery taken through the arbitration could all be used in a litigation. Defendants also complain that they have paid approximately $68,000 in arbitration costs. The arbitration agreement expressly required the parties to share that cost, however, and Defendants voluntarily chose to bear the expense themselves, so as to avoid an unconscionability finding under Abramson. That strategic choice was of their own making, as was their choice to withhold material documents when moving to compel arbitration. Defendants would suffer no cognizable prejudice as a result of lifting the stay of litigation.

### C.      The Confidentiality Agreement and Its Arbitration Provision Are of Limited Scope.

As explained in Plaintiff's opening brief, the new documents that Defendants refused to produce until months after this Court ordered arbitration demonstrate the limited scope of the relevant arbitration provision in two ways. First, they demonstrate that the Confidentiality Agreement was simply that: a confidentiality and inventions assignment agreement that was separate from Plaintiff's actual, broader employment agreement. Second, the documents reveal

---

[2] Defendants' counsel, Marina Tsatalis, has submitted a declaration in which she attempts to turn settlement overtures into an implied waiver. Ms. Tsatalis's characterization of the relevant discussion is inaccurate. As explained in the Declaration of Ilene Robinson Sunshine, filed herewith, Defendants have taken a portion of settlement discussions out of context to suggest that Plaintiff was purposefully using the arbitration as a "dress rehearsal." In its proper context, the comment to which Ms. Tsatalis refers was merely a statement of Plaintiff's belief that she would have valid grounds for an appeal, if necessary, once an appeal was available.

7

that interpreting the arbitration provision as applying to Plaintiff's employment claims would render that provision unconscionable and unenforceable under California law.

Defendants' opposition says little in response to Plaintiff's argument regarding the scope of the Confidentiality Agreement. Instead, Defendants simply repeat arguments they made in support of their motion to compel arbitration. Whatever mileage Defendants were able to get out of any ambiguity in the scope of the Confidentiality Agreement then, any such ambiguity disappears in the face of the newly produced documents. Defendants' opposition fails to address these changed circumstances. As for the fact that the arbitration provision would be unenforceable if interpreted as applying to Plaintiff's claims, in light of the now-apparent procedural unconscionability, Defendants have not challenged the legal principle that agreements should be construed to avoid findings of unconscionability. Under this principle, the scope of the arbitration clause should be construed as applying to, at most, disputes related to confidentiality and inventions, so as to avoid having to conclude that the provision is entirely unenforceable.

Abramson and Davis address and reject Defendants' remaining arguments. Defendants approached their opposition by ignoring Abramson and proceeding at length with citations to numerous, easily distinguishable cases. Opposition at 8-12. What was already an up-hill task for Defendants in that regard – since Abramson involved a virtually identical arbitration provision – became impossible with the issuance of Davis earlier this month.

With regard to procedural unconscionability, the Davis court explained:

[T]here are no factors of adhesion such as surprise or concealment. The [arbitration provision] was not hidden. The terms were not concealed in an employee handbook. The binding nature of it was in bold and uppercase text. Terms were not buried in fine print. O'Melveny [the employer] not only gave ample notice of the program and its terms, but also made efforts to have employment lawyers and human-resource personnel available to answer

8

questions. There is no evidence (although the case did not progress very far) of undue pressure put on employees.

> Nevertheless, in a very real sense the [arbitration provision] was "take it or leave it." The [arbitration provision's] terms took effect three months after they were announced regardless of whether an employee liked them or not. An employee's option was to leave and work somewhere else.

> \* \* \* \*

> .... [W]here – as is the case with [plaintiff] as a paralegal in an international law firm – the employee is facing an employer with "overwhelming bargaining power" that "drafted the contract, and presented it to [plaintiff] on a take-it-or-leave-it basis," the clause is procedurally unconscionable.

Id. at \*4-6. This logic applies equally to Google's bargaining power, use of its forms, and "take it or leave it" approach, as evidenced by the offer letter's language that Plaintiff was "required" to sign the Confidentiality Agreement.

With regard to substantive unconscionability, the Davis court explained why an employer cannot generally reserve for only itself a right to equitable relief in courts:

> Davis also challenges the [arbitration agreement's] non-mutual provision exempting O'Melveny from arbitration for "claims by the Firm for injunctive and/or other equitable relief for violations of the attorney-client privilege or work product doctrine or the disclosure of other confidential information."

> California law allows an employer to preserve a judicial remedy for itself if justified based upon a "legitimate commercial need" or "business reality."

> \* \* \* \*

> California law also indicates that protecting against breaches of confidentiality alone does not constitute a sufficient justification. In *Nagrampa*, [469 F.3d 1257 (9th Cir. 2006)] the en banc court rejected a clause that allowed a franchisor to file a lawsuit seeking injunctive relief to protect proprietary information. ... *Nagrampa* relied upon *O'Hare v. Municipal Resource Consultants*, 107 Cal.App.4th 267, 132 Cal.Rptr.2d 116 (Cal.Ct.App.2003), which "rejected the employer's contention that it had a legitimate business justification in the 'highly confidential and proprietary nature' of its auditing and consulting work for allowing it, but not the employee, to seek injunctive relief in court." ... Rather, "to constitute a reasonable business justification, the justification must be something other tha[n] the employer's desire to maximize its advantage based upon the perceived superiority of the judicial forum." *Id.* (citations and internal

quotation marks omitted). *Nagrampa* explained that "California courts routinely have rejected [protecting proprietary information] as a legitimate basis for allowing only one party to an agreement access to the courts for provisional relief." *Id.* at 1287(citations omitted).

Id. at *11-12. Here, Google's self-serving reservation of a right to equitable relief from the courts is identically unconscionable under California law. As explained in Plaintiff's opening brief, the Abramson court similarly held that the arbitration provision before it failed the mutuality test because it required the plaintiff/employee to arbitrate, while permitting the defendant/employer to bring claims for injunctive relief in court. Abramson, 115 Cal. App. 4th at 665-66. In addition, Google's express attempt, in the arbitration provision, to impose arbitration costs on employees is unconscionable under Abramson. See id. at 661.[3]

### III. CONCLUSION

Plaintiff Christina Elwell respectfully requests that the Court lift the litigation stay and allow this action to proceed. Elwell also respectfully requests a hearing on this motion.

Dated: May 25, 2007

CHRISTINA ELWELL,
By her attorneys,

s/ Joshua L. Solomon
Ira K. Gross (IG 6834)
Ilene Robinson Sunshine (IS 2935), *pro hac vice*
Barry S. Pollack (BP 4039)
Joshua L. Solomon (JS 5848), *pro hac vice*
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800 (phone)
(617) 338-2880 (fax)

---

[3] Defendants' citation to Cal. Civ. Proc. Code § 1281.8(b) is makeweight. Defendants claim that this provision levels the playing field. Yet § 1281.8(b) did nothing to save the arbitration provisions in Abramson and Davis, which suffered from the same lack of mutuality at issue here. Further, § 1281.8(b) provides at most a limited right to provisional remedies in court, as it applies only where the equitable relief sought is "upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without provisional relief."