```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
CHRISTINA ELWELL,                        :
                                         :
                    Plaintiff,           :     05 Civ. 6487 (DLC)
                                         :
         -v-                             :     MEMORANDUM OPINION
                                         :          & ORDER
GOOGLE, INC. and TIMOTHY ARMSTRONG,      :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

APPEARANCES:

For Plaintiff Christina Elwell:
Ira K. Gross
Ilene Robinson Sunshine
Barry S. Pollack
Joshua L. Solomon
Sullivan & Worcester LLP
One Post Office Square
Boston, Massachusetts 02109

For Defendants Google, Inc. and Timothy Armstrong:
Marina C. Tsatalis
Koray J. Bulut
Wilson Sonsini Goodrich & Rosati
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019

DENISE COTE, District Judge:

The defendants' motion to compel arbitration was granted in this Title VII case on January 30, 2006, and this litigation was stayed pending completion of the arbitration. On April 19, 2007, plaintiff Christina Elwell ("Elwell") moved to lift the

litigation stay. For the following reasons, the motion to lift the stay is denied.

Background

Elwell sued the defendants for discrimination and retaliation associated with her demotion and reduction in pay during a high-risk pregnancy. When she joined the company in 2000 she signed an "Employment, Confidential Information and Invention Assignment Agreement" ("the Agreement") which contained an arbitration clause. The defendants moved to compel arbitration, and Elwell resisted. In response to defendants' motion to enforce the arbitration clause, Elwell argued that her claims do not arise under the Agreement or fall within the scope of its arbitration clause. She did not question the validity of the Agreement. This Court rejected her arguments and ordered her to submit to arbitration. Elwell v. Google, Inc., No. 05 Civ. 6487 (DLC), 2006 WL 217978 (S.D.N.Y. Jan. 30, 2006).

On February 14, 2006, Elwell filed a demand for arbitration. Discovery in the arbitration proceeding began in August 2006. Between October 13 and November 3, defendants produced an executed offer letter of September 2000 ("Offer Letter") and a draft reassignment letter of June 2004 ("Draft Letter"). Depositions were delayed until November 2006, to accomodate Elwell. Between November and February 1, 2007, the parties took twenty-six depostions. A summary judgment motion is currently

pending before the arbitrator.

On April 19, Elwell filed the instant motion.  She argues principally that the Offer Letter sheds light on the Agreement and supports her argument that this employment dispute does not arise out of the Agreement and is not encompassed by the Agreement's arbitration clause.  She asserts that the inclusion of an arbitration provision in the Draft Letter is an acknowledgement by the defendants that the Agreement's arbitration clause does not cover this employment dispute.

Elwell makes two additional arguments.  She contends that the Agreement is governed by and unenforceable under California law.  Finally, Elwell argues that the defendants have waived their right to arbitrate these claims through their misuse of the arbitral forum.

Discussion

This motion can be swiftly rejected.  Elwell has no adequate explanation for her delay in bringing this motion and her continued participation in the arbitration after the production of the Offer Letter to her in October 2006.  While it appears that the defendants improperly withheld that document from Elwell during the litigation of their motion to compel arbitration, it was incumbant upon Elwell to act promptly if she wished to have this Court revisit its order compelling arbitration in light of

the Offer Letter.

Elwell's other two arguments are even less compelling. To the extent she wished to argue that the Agreement is unenforceable under California law, she was required to present that argument in opposition to the 2006 motion to compel arbitration. She did not. As it now stands, this prong of her motion is an untimely and ill-conceived motion for reconsideration. Finally, any request for relief from arbitration due to alleged abuse of the arbitral forum must at the very least be presented in the first instance to the arbitrator. Because Elwell did not do so it is unnecessary to reach the issue of whether this Court has jurisdiction over this claim.

Conclusion

The motion to lift the stay pending arbitration is denied.

SO ORDERED:

Dated:   New York, New York
         June 15, 2007

　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　DENISE COTE
　　　　　　　　　　　　　　　　　　United States District Judge